**Paula PENDER (now Rubio), Respondent,**

v.

**Sharlie PENDER, Appellant.**

**No. 32860.**

Missouri Court of Appeals, Western District.

May 18, 1982.

Michael J. Albano, Independence, for appellant.

M. Margaret O'Hare, Kansas City, for respondent.

Before SHANGLER, P. J., and PRITCHARD and DIXON, JJ.

SHANGLER, Presiding Judge.

The father appeals from a judgment in favor of the mother on her motion to modify the right of visitation of the minor son under the decree of dissolution. The father appeals also from the denial of the cross-motion for the transfer of the child into his custody.

The son Carrol Hugh was born to them in year 1969 and the marriage was dissolved five years later. The original decree granted custody of the child to the mother and alternative weekend privileges to the father and two additional weeks during the summer. That visitation decree was later modified by stipulation and on the advice of a psychologist to allow the father an extension of visitations—six weeks during the summer and on certain holidays in addition to the alternative weekends. Then in July of 1978, on the motion of the mother the decree was amended to allow her to remove the child to Colorado with her new husband. To compensate the father for the weekends lost by that modification, the court granted the father visitation during the entire summer, but for a few days. *Pender v. Pender*, 598 S.W.2d 554 (Mo.App.1980).

In May of 1980, the mother again moved for modification of the visitation decree on the basis of a psychological evaluation report that the summer-long visitation episodes engendered a virtual paranoia in the child from apprehension of the father. Each party applied for a change of judge under Rule 51.05 and the case was duly reassigned. The husband had moved concurrently with the application to change judge to dismiss the motion of the wife for the modification of decree on various grounds. On June 5, 1980, the newly-assigned judge sustained the motion and dismissed the modification motion without prejudice for failure to verify the pleading and for failure to state a cause of action. Twelve days later, on June 17, 1980, the mother filed a new motion to modify the decree of dissolution as to visitation and also a concurrent motion for a temporary order to suspend the visitation of the husband pending final determination of modification motion. The cross-motion of the father sought transfer of the child to his custody. The father then applied for a change of judge, but was denied. The motions were tried on the merits and the contentions of the mother were sustained. The visitation by the father was restricted in particulars, his cross-motion for custody denied, and request of attorney fee denied also.

The father contends that a court is bound, without alternative, to grant a change of judge as a matter of course on an application timely made so that refusal was error. Rule 51.05(a) prescribes that a judge shall order a change *in any civil action* upon the written application of a party. The mother agrees that a motion to modify a dissolution decree is a *civil action* within the operation of the rule. That much is clearly settled. *Hayes v. Hayes*, 363 Mo. 583, 252 S.W.2d 323, 328[16] (1952). The mother does not disagree that the application for change of judge was brought within the time of Rule 51.05(b). The mother contends only that to treat the successive motions [the motion dismissed and then the motion brought anew and adjudicated] as separate and independent *civil actions* "glorifies form over substance" and distorts the efficacy of the change of judge rule. The

mother contends, rather, that the successive motion was in effect nothing more than an amendment of the dismissed motion but in the same *civil action*, so that the change of judge induced by the father on the first motion exhausted the allowance to that party under Rule 51.05.

██ An order to dismiss terminates the litigation—the petition as well as the action—unless the decree directs a different effect. *Hunt v. Dallmeyer*, 517 S.W.2d 720, 723[1–3] (Mo.App.1974). An order to dismiss qualified by a grant of time to file an amended petition [or any other comparable decretal expression] signifies intention to dismiss the petition only, not the action. *White v. Sievers*, 359 Mo. 145, 221 S.W.2d 118, 123[14] (1949). The official entry on the motion to dismiss recites: "Motion to Modify filed on May 6, 1980, dismissed without prejudice for failure to verify and state cause of action." The effect is an unconditional and peremptory dismissal of the *action* as well as of the petition. There was neither request for leave to amend nor an order to allow the continuation of the action by amendment or otherwise. The May 6, 1980, motion to modify terminated as a civil *action* by the order of dismissal. The subsequent motion to modify brought by the mother on June 17, 1980, was an altogether new civil action and entitled a party anew to the prerogative of the Rule 51.05 change of judge procedure.

The application by the father under Rule 51.05 was timely. The judge designated for trial was without other option but to grant the change requested by that application. The court was thereafter without jurisdiction to adjudicate the cause further [except in the event of matters already submitted]. It had power only to sustain the application promptly and to take those steps for a successor prescribed by Rule 51.05(e); *Natural Bridge Development Co. v. St. Louis County Water Co.*, 563 S.W.2d 522, 524[1–2] (Mo.App.1978).

The judgment is reversed and remanded with directions that the court sustain the application for change of judge and under Rule 51.05(e) for the designation of a successor judge.

All concur.