Kenneth J. GREENING, Mary Sue Greening, and Ford Lane Executive Center, Inc., Plaintiffs-Appellants,

v.

Marvin  KLAMEN,
Defendant-Respondent.

No. 50454.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 30, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 29, 1986.

Application to Transfer Denied
Dec. 16, 1986.

Mark Belz, Belz & Belz, Clayton, Mo., for plaintiffs-appellants.

Lawrence B. Grebel, Brown, James & Rabbitt, P.C., St. Louis, Mo., for defendant-respondent.

CARL R. GAERTNER, Presiding Judge.

The Greenings and Ford Lane Executive Center, Inc. (FLEC), plaintiffs below, appeal from an order dismissing four counts of a six count petition and an order granting summary judgment as to the other two. We affirm in part, reverse in part and remand.

This matter is on appeal for the third time. A complete discussion of the facts underlying the original dispute can be found in our first opinion, *Greening v. Klamen*, 652 S.W.2d 730 (Mo.App.1983). The dismissal of a subsequent appeal for lack of a final judgment is at *Greening v. Klamen*, 683 S.W.2d 298 (Mo.App.1984). A

recital of those facts pertinent to this appeal follows.

Greenings are the sole shareholders of FLEC. In October 1977, Greening and FLEC each retained defendant Marvin Klamen, an attorney, to represent their respective interests in then pending bankruptcy reorganization proceedings for FLEC. A fee agreement was made at that time. In November, 1977, defendant informed plaintiffs that continued legal representation was contingent upon a new fee arrangement. After plaintiffs refused to accept the new fee proposal, defendant sent a letter to plaintiffs accusing them of improper behavior, and also sent copies to several others involved directly or indirectly in the reorganization proceedings. Defendant then withdrew as plaintiffs' counsel in January, 1978.

Plaintiffs sued, filing an eight count petition[1] that was dismissed with prejudice. On appeal, we remanded the case with respect to two breach of contract counts and specifically held the others each failed to state a cause of action, affirming that part of the judgment.

On remand, in response to defendant's demand for a more definite statement, plaintiffs filed an amended petition which contained not only the breach of contract claims previously upheld, but also variants of legal malpractice and intentional tort counts previously pleaded by Greenings and new legal malpractice and intentional tort claims by FLEC. (Counts III–VI). All of these other counts were based on the facts underlying the original petition. Defendant's motion to dismiss counts III–VI was promptly granted on the basis that our decision in *Greening*, 652 S.W.2d 730 (Mo. App.1983) was res judicata. We agree.

Res judicata precludes the same parties from relitigating the same causes of action. *Nelson v. Missouri Division of Family Services*, 688 S.W.2d 28 (Mo.App. 1985). In their first amended petition, Greenings attempted to allege causes of

---

1. Two counts of libel originally pleaded were subsequently dismissed by plaintiffs and do not concern us here.

action for legal malpractice and intentional tort. Those counts were dismissed and the dismissal affirmed because the counts failed to state a cause of action. A dismissal for failure to state a cause of action is sufficient to raise res judicata in a later proceeding, *Pic-Walsh Freight Co. v. Cooper,* 618 S.W.2d 449, 454 (Mo.App.1981), and it is immaterial that the wording of the counts has been changed in an apparent attempt to correct the defects in the original pleadings. We hold the attempt by Greenings to replead legal malpractice and intentional tort on remand in counts III and V was properly dismissed as barred by res judicata.

█ The doctrine of res judicata applies not only to those points actually raised, but also to "every point which properly belongs to the litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Moore v. Beck,* 664 S.W.2d 15, 18 (Mo.App.1984) (quoting *Autenrieth v. Bartley,* 238 Mo. App. 55, 176 S.W.2d 546, 549 (1943)). In counts IV and VI FLEC asserts legal malpractice and intentional tort claims based on the same essential facts as the legal malpractice and intentional tort claims made by Greenings in the first amended petition. Clearly FLEC should have also pleaded these claims in the first amended petition: all of the facts giving rise to the causes of action were known at that time and no reason for not making the claims then has been given. Therefore, the attempt in counts IV and VI by FLEC to plead legal malpractice and intentional tort was properly dismissed as barred by res judicata.[2]

█ Plaintiffs argue that notwithstanding the doctrine of res judicata, the "letter and spirit" of Rule 67.06 dictate a right to amend counts which have been dismissed even after we have affirmed the dismissal. We decline to so interpret the rule. The structure and words of Rule 67.06 clearly indicate it contemplates the request for leave to amend be made before judgment of dismissal with prejudice becomes final. Having failed to timely make such a request, plaintiffs are in no position to complain—there is no requirement that the trial judge *sua sponte* grant leave to amend a deficient pleading. *Mullen v. Renner,* 685 S.W.2d 212, 214 (Mo.App.1984). That part of the order dismissing Counts IV and VI is affirmed.

Summary judgment is properly granted only if the pleadings, depositions and any affidavits indicate no issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. Rule 74.04(c). The party granted summary judgment must show both entitlement to it affirmatively and that the other party would not be entitled to recover under any discernible circumstances. *First National Bank, Paragould, Arkansas v. South Side National Bank,* 644 S.W.2d 377, 379 (Mo. App.1982) (quoting *Brummet v. Livingston,* 384 S.W.2d 101, 103 (Mo.App.1964)). Our review of a summary judgment is equivalent to review of a court-tried case: if as a matter of law the judgment is sustainable on any theory it must be affirmed. *McCready v. Southard,* 671 S.W.2d 385, 387 (Mo.App.1984).

The trial court here granted summary judgment on the basis of the pleadings, defendant's answer and memoranda filed by both sides, defendant's incorporating the order and memorandum of the bankruptcy court judge on his request for compensation. In reviewing the evidentiary support for an order of summary judgment, we view it in the light most favorable to the parties against whom the judgment was rendered, according them the benefit of every doubt. *Eugene Alper Construction Co., Inc. v. Joe Garavelli's of West Port, Inc.,* 655 S.W.2d 132, 135 (Mo.App. 1983).

Defendant argues that he is not liable because his withdrawal was for good cause, and that therefore, summary judg-

---

**2.** This case clearly involves an attempt by plaintiffs to relitigate entire claims—not individual issues—already judicially determined. Res judi-

cata is therefore the applicable doctrine and we ignore plaintiffs' discussion of issue preclusion as it is not relevant.

ment was appropriate. We will assume, without needing to decide, that an attorney who withdraws for good cause ("good" meaning reasonable or justifiable) is not liable for damages on account of his neglect through withdrawal. *See* 7A C.J.S. *Attorney and Client* § 221 (1980). However, we find nothing in the record conclusively establishing that defendant withdrew for good cause. Defendant refers to paragraph 10 of plaintiffs' petition as reflecting "some of the problems which had developed between the defendant and his clients, which prevented the defendant from effectively serving the needs of his clients." Paragraph 10 merely summarizes the contents of a letter describing Greenings' misconduct sent to Greenings (with copies to others)—nowhere do plaintiffs admit any factual basis for those allegations and defendant in his answer denied paragraph 10. No other grounds even purporting to support good cause for withdrawal appear in the record. Summary judgment cannot therefore be upheld on the basis that defendant withdrew with good cause.

■ Defendant also argued in support of his motion for summary judgment that he justifiably withdrew because he had the permission of the bankruptcy court to withdraw. The approval of the court is a prerequisite to the right to withdraw in a civil case, but such approval will not relieve the attorney of any civil liability for breach of his duty to his client. *Fisher v. State*, 248 So.2d 479, 486 (Fla.1971). Thus, the mere fact of approval by the bankruptcy court does not support summary judgment.

■ Defendant's next argument is that plaintiffs did not allege prejudice in any way. Presumably defendant refers to plaintiffs apparent lack of objection to his withdrawal at the time it was effected, as plaintiffs clearly claim prejudice in their petition. We find no authority and defendant has cited us none which would require plaintiffs to object at the time of withdrawal in order to preserve this later action, and we decline to adopt such a rule.

■ Defendant's final contention is that summary judgment was appropriate as plaintiffs are not entitled to recover because his fees were approved by the bankruptcy court. We find this, too, unpersuasive. Any breach of the contract between defendant and Greenings would be outside the subject matter jurisdiction of the bankruptcy court as a private controversy not related to matters pertaining to bankruptcy. *First National Bank and Trust Co. of Guthrie, Oklahoma v. Sand Springs State Bank of Sand Springs, Oklahoma,* 528 F.2d 350, 353 (10th Cir.1976). Therefore, the allowance of some of defendant's fee request by the bankruptcy court is not relevant to Greenings' breach of contract claim. With respect to the contract defendant had with FLEC, the bankruptcy court could have denied defendant his fees, because of wrongdoing, but it did not have jurisdiction to also assess money damages resulting from such wrongdoing. *Red Carpet Corp. of Panama City Beach v. Miller,* 708 F.2d 1576, 1577 (11th Cir.1983). The denial of fees where there has been wrongdoing is not mandatory and we do not infer the absence of misfeasance or nonfeasance from the allowance of some compensation to defendant for services rendered before withdrawal.

■ The gist of the breach of contract claim asserted by plaintiffs is that defendant agreed to represent them for a retainer, which was paid, and an hourly fee not to exceed a specified total amount, but that after entering into such representation he failed to perform his obligation. Nothing asserted by defendant in support of his summary judgment motion refutes these facts. On the contrary, the record discloses a continuing dispute not over the terms of the agreement or defendant's failure to perform, but over the question of whether his failure was based upon plaintiffs' refusal to agree to a different fee arrangement or was justified by other problems which developed. The continuation of this dispute precludes summary judgment. Accordingly, the order of summary judgment is reversed and the cause

remanded for further proceedings not inconsistent with this opinion.

SMITH and SNYDER, JJ., concur.