STATE of Missouri, ex rel., Frederick L. KRAMER, Relator,

v.

Commissioner Michael WALKER, Commissioner Family Court Division 8, Seventh Judicial Circuit Of Missouri, Respondent.

No. WD 52007.

Missouri Court of Appeals,
Western District.

May 7, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 2, 1996.

Application to Transfer Denied
Aug. 20, 1996.

Les D. Wight, Independence, for Relator.

Louis Angles, Excelsior Springs, for Respondent.

Alison K. Blessing, Withers, Brant, Igoe & Mullennix, P.C., Liberty, Amicus Curiae.

Before ULRICH, P.J., and BERREY and LAURA DENVIR STITH, JJ.

ULRICH, Judge.

The ultimate issue presented is whether Rule 51.05, that provides for a change of judge without cause when the motion seeking such change of judge is timely filed, applies to commissioners of the family court, created by section 487.010 RSMo (1993).

Frederick Kramer seeks this Court's writ of prohibition to preclude Commissioner Michael Walker of the Clay County Family Court from taking any further action in the matter of *Kramer v. Kramer*, Case No. CV187–216DR, now pending in the Clay County Family Court. Mr. Kramer asserts that the commissioner erroneously denied his timely motion for change of judge under Rule 51.05. Respondent asserts that the Supreme Court Rule does not apply to commissioners of the family court.

On December 11, 1995, this court issued its preliminary rule in prohibition precluding Respondent from taking further action in case No. CV 187–216DR, now pending in Clay County. The preliminary rule in prohibition is hereby made absolute.

## I. Background

The marriage of Melinda Kramer and Frederick Kramer was dissolved by the Circuit Court of Clay County on November 25, 1987. The decree was previously modified on November 30, 1990. Ms. Kramer filed a motion to modify the decree in the Clay County Family Court on September 19, 1995. Mr. Kramer was served with the motion and summons on September 20, 1995. Thereafter, on September 29, 1995, Melinda Kramer filed a motion for custody *pendente lite* which was heard by Commissioner Walker on October 11, 1995. The commissioner issued his order of custody *pendente lite* on October 12, placing custody of the minor children with Melinda Kramer.

On October 19, 1995, Frederick Kramer filed his Answer and Cross–Motion to Modify and an Application for Change of Judge pursuant to Missouri Supreme Court Rule 51.05. The Application for Change of Judge was "noticed up for hearing" on December 6, 1995. The hearing on the application was conducted on December 6, 1995, and the commissioner denied the application. The hearing on the underlying motion to modify was set for trial on December 12, 1995. Mr. Kramer filed his Petition in Prohibition in this court on December 8, 1996, and the preliminary rule in prohibition was entered.

## II.  Issues

### A.  Commissioner Did Not Previously Hear Prior Independent Action

Rule 51.05(a) provides in part that:

For the purposes of this Rule 51, motions to modify child custody, child support, or spousal maintenance filed pursuant to chapter 452 RSMo, shall not be deemed to be an independent civil action unless the judge designated to rule on the motion is not the same judge that ruled on the previous independent civil action.

Commissioner Walker did not rule on the previous independent action, the dissolution proceeding or any proceeding modifying the dissolution judgment. Thus, if the rule applies to commissioners of the family court, this provision of the rule does not preclude its application on the motion to modify.

### B.  Timeliness of Motion for Change of Judge

■ The second preliminary question is whether the application for change of judge was timely filed. Rule 51.05(b) provides the timing for filing a motion for a change of judge:

(b) The application must be filed within thirty days after the answer is due to be filed if the trial judge is designated at the time the answer is due ... If the designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to commencement of any proceeding on the record.

Mr. Kramer was served with process on September 20, 1995. He had thirty days within which to file his answer. Rule 55.25(a). Mr. Kramer filed his application for change of judge within 30 days of the original summons and service. Claiming that Rule 51.05 applies to Commissioner Walker, he asserts that the commissioner is required to grant the request since the nondiscretionary motion was timely filed. The relevant portion of Rule 51.05 provides:

(a) A change of judge *shall be ordered* in any civil action upon the timely filing of a written application therefor by any party ... The application need not allege or prove any cause for such change of judge and need not be verified. (emphasis added)

### Hearing on *Motion Pendente Lite*

■ Commissioner Walker heard evidence on October 11, 1995, regarding Ms. Kramer's motion for custody *pendente lite*. However, hearing evidence on the motion for temporary custody of the parties' children does not in itself make the subsequent motion for change of judge on the underlying modification untimely. A motion *pendente lite* is a separate and distinct proceeding from the underlying modification action. *Staples v. Staples*, 895 S.W.2d 265, 266 (Mo.App.1995). Such orders are not dependent upon the merits of the underlying suit. *Johnson v. Johnson*, 894 S.W.2d 245, 247 (Mo.App.1995). The hearing on October 11, 1995, was not a trial on the merits of the underlying case. The commissioner, if bound by Rule 51.05, had no discretion but to grant the timely request for change of judge filed after he had ruled on the pre-trial motion. *Brown v. Brown*, 723 S.W.2d 93, 94 (Mo.App.1987).

### C.  Commissioners of the Family Court are Judges Within the Meaning of Rule 51.05

■ The family court was established in 1993 as provided for in chapter 487 of the Missouri Revised Statutes. Family court commissioners are appointed by a majority of the circuit and associate circuit judges within the circuit. Each commissioner is to have the same qualifications as a circuit judge. § 487.020 RSMo 1993.

The respondent and amicus argue that commissioners are not subject to Supreme Court Rule 51.05 requiring a change of judge upon timely request. Section 487.030 RSMo 1993, provides the foundation of their argument. Section 487.030 provides in part:

1. Upon the conclusion of the hearing in each case the commissioner shall transmit to the judge all papers relating to the case, together with his findings and recommendations in writing. *Notice of the findings of the commissioner, together with a statement relative to the right to file a motion for rehearing, shall be given to the parties whose case has been heard by the commissioner, and to any other person that the court may direct. This notice may be given at the hearing, or by certified mail or other service directed by the court.*

2. The parties to a cause of action heard by a commissioner are entitled to file with the court a motion for a hearing by a judge of the family court either within fifteen days after receiving notice of the findings of the commissioner at the hearing or within fifteen days after the mailing of a certified letter, or within fifteen days after other service directed by the court. In cases in which the family court has jurisdiction pursuant to subdivision (1) of subsection 1 of section 211.031, RSMo, the juvenile officer, in addition to the parties listed above, is also entitled to file with the court a motion for a hearing by a judge of the family court within fifteen days after receiving notice of the findings of the commissioner. *The judge shall promptly rule on such motion and, in his discretion, may either sustain or deny the motion, and if the motion is sustained, the judge shall set a date for a hearing.* In IV–D cases, as defined in section 452.345, RSMo, if the motion is denied, or if no such motion is filed, the findings and recommendations of the commissioner shall become the decree of the court when adopted and confirmed by an order of the judge. In cases which are not IV–D cases, if the motion is denied, or if no such motion is filed, the findings and recommendations of the commissioner shall become the decree of the court upon denial of the motion or, if no

motion is filed, on the day after the last date for filing a motion for a rehearing. If a specific statute requires that a decision on a cause of action be final within a certain time period, the circuit and associate circuit judges en banc, shall, by local court rule, shorten the time period provided by this subsection so that such time period is not inconsistent with the statute in question.

(Emphasis added)

Thus, section 487.030 provides that the parties to a cause of action heard by a commissioner are entitled to file with the court a motion for a rehearing by a judge of the family court. The judge shall promptly rule on such motion and in his discretion may either sustain or deny the motion, and if the motion is sustained the judge shall set a date for a hearing. If the motion is denied, or if no such motion is filed, the findings and recommendations of the commissioner shall become the decree of the court.

Respondent argues that this provision for rehearing before the family court judge serves the same function as an application for change of judge and is intended by the legislature to be the appropriate procedure in family court. The respondent and amicus assert that a timely filed motion for rehearing by the family court judge effectively grants the relator a change from Commissioner Walker to the family court judge. This premise is erroneous.

■ Rehearing before the family court judge is discretionary. § 487.030. The statute provides no automatic right of review. Absent demonstrated cause for rehearing, the family court judge's inclination not to grant the request is understandable. Routinely granting a request for rehearing without out demonstrated cause would effect a routine waste of judicial assets and time. The natural inclination is for the family court judge to give deference to the commissioner's findings and conclusions. The opportunity for rehearing granted by section 487.030 does not provide the same advantages as does the change of judge provided by Rule 51.05. Rule 51.05, providing for an automatic change of judge when timely requested, com-

ports with the adage that the right to disqualify a judge is "one of the keystones of our legal administrative edifice." *State ex rel. Wedemeier v. McKenzie*, 889 S.W.2d 99, 100–101 (Mo.App.1994), *quoting State ex rel. Campbell v. Kohn*, 606 S.W.2d 399, 401 (Mo. App.1980). Rule 51.05 provides the litigant a virtually unfettered right to unilaterally disqualify a judge irrespective of the reason. *Medawar v. Gaddis*, 779 S.W.2d 323, 326 (Mo.App.1989). When a proper and timely application has been made for a change of judge, the court has no discretion but to certify the case to another judge.[1] *Id.* at 327. Therefore, the procedure granted by the statute does not provide a litigant with a remedy equivalent to Rule 51.05.

Rule 2, Supreme Court Rules, codifies the standard for judicial conduct. Rule 2 and the canon of ethics are as applicable to commissioners as they are to any other judicial officer. Canon 7 of Rule 2 states "Anyone, whether or not a lawyer, who is an officer of a judicial system performing judicial function, including an officer such as a special master, court commissioner, or magistrate, is a judge for the purposes of this Code."

The commissioner of the family court serves as a judicial officer of a statutory court who exercises judicial discretion while making judicial decisions. The commissioner of the family court is a member of the judicial branch of government. As a judicial officer, the commissioner is obligated to follow established procedural and substantive law. Commissioners of the family court are required to conduct themselves as judicial officers.

Rule 51.05 applies to commissioners of the family court. Frederick Kramer filed his Rule 51.05 motion for change of judge within the time prescribed, and the rule allows no discretion to deny the timely filed motion. Commissioner Walker was compelled to grant the request. The commissioner lacks jurisdiction to take any further action in this case other than to disqualify himself since a proper application for change of judge has been made.

The preliminary writ in prohibition previously entered is hereby made absolute, and Commissioner Walker is prohibited from taking any further action in the case other than to disqualify himself as required by Rule 51.05. Because the rule does not specifically refer to commissioners of the family court, for implementation, the rule applies to Commissioner Walker as it applies to an associate circuit judge within the circuit. The case is remanded for further action consistent with this opinion.

STITH, J., concurs.

BERREY, J., did not participate in the decision due to illness.

---

1. Effective January 1, 1994, Rule 51.05 was amended. Subparagraph (e) now provides:

Upon the presentation of a timely application for change of judge, the judge properly shall sustain the application, and if the parties so stipulate, the disqualified judge shall transfer the case to the judge agreed upon by the parties, if the new judge agrees to take the case. If the parties do not stipulate or if the stipulated judge does not agree to take the case, the disqualified judge shall thereupon:

(1) If the case is being heard by an associate circuit judge, notify the presiding judge who shall assign a judge within the circuit or request this Court to transfer a judge.

(2) If the case is being heard by the only circuit judge in the circuit, or by an associate circuit judge after the disqualification of the only circuit judge in the circuit, request this Court to transfer a judge.

(3) If the case is being heard by a *circuit* judge in a circuit having two circuit judges, transfer the case to the other circuit judge or shall request this Court to transfer a judge.

(4) If the case is being heard by a circuit judge in a circuit having three or more circuit judges, transfer the case to the presiding judge for assignment by lot or the presiding judge may request this Court to transfer a judge or the case may be assigned in accordance with local rules by any judge not previously disqualified.