Shirley Jean BENTCH and Betty Jo Reese, Appellants,

v.

Donna Marie COLLINS and Clifford James Collins, Respondents.

No. ED 77086.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 3, 2000.

Roger K. Rea, Ramon J. Morganstern, St. Louis, MO, for appellants.

S. Todd Hamby, St. Louis, MO, for respondents.

RICHARD B. TEITELMAN, Judge.

Appellants Shirley Jean Bentch and Betty Jo Reese appeal the judgment entered in the Circuit Court of St. Louis County dismissing their cause of action against Respondents Donna Marie Collins and Clifford James Collins with prejudice. We affirm in part and reverse and remand in part.

## FACTUAL AND PROCEDURAL BACKGROUND

Nettie L. Williamson (hereinafter, "Decedent"), mother of Appellants and Respondent Donna Collins, died on October 16, 1995. Decedent's estate was opened and her Will was probated in Jefferson County as Estate No. CV295–0458 on December 1, 1995. Decedent's estate was closed on January 6, 1996.

In August of 1996, Appellants filed suit against Respondents in the Circuit Court of Jefferson County alleging in the Petition that Respondent Donna Marie Collins induced Decedent by fraud and undue influence to execute a Beneficiary Deed, Change of Life Insurance Policy, and Durable Power of Attorney at a time when Decedent lacked the capacity to execute same. They also allege fraud, undue influence, conversion and incapacity relating to events occurring prior to the death of Decedent. Respondents subsequently filed a Motion to Dismiss arguing that Appellants had failed to state a cause of action upon which relief could be granted. On November 1, 1996, the trial court, the Honorable Dennis Kehm, sustained Respondents' motion. Appellants did not appeal.

On January 8, 1997, Appellants filed a Petition to Set Aside Small Estate in the Probate Division of the Circuit Court of Jefferson County in the matter of the Estate of Nettie L. Williamson, Estate No. CV–295–0458. Appellants' Petition stated the same allegations as previously asserted. Respondents were not named as defendants, but Respondent Donna Collins' name was mentioned in the Petition. On September 26, 1997, the Honorable Carol Kennedy Bader ordered the Appellants to file an amended pleading within ten (10) days of her Order. Appellants failed to amend their pleadings, and on February 7, 1998, Respondent Donna Collins filed a Motion to Dismiss for Failure to Prosecute. On July 17, 1998, Judge Bader issued an Order and Judgment granting the Motion to Dismiss for Failure to Prosecute and dismissing Appellants' petition with prejudice.

On February 4, 1999, Appellants filed in St. Louis County Associate Circuit Court a claim entitled "Petition to Determine Title and To Discover Assets Related to the Estate of Decedent Nettie L. Williamson." In said Petition, Appellants re-alleged that Respondent Donna Collins improperly directed Decedent to execute a Beneficiary Deed of Real Estate, Change of Beneficiary Life Insurance, and Durable Power of Attorney. Appellants re-alleged that Respondent Donna Collins induced Decedent to execute said documents by the use of fraud, undue influence, and at a time when Decedent was incapacitated. Appellants alleged that both Respondents possessed assets that should have been distributed through Decedent's estate.

Respondents subsequently filed their Motion to Dismiss for Failure to State a Cause of Action Upon Which Relief Can Be Granted and For Lack of Jurisdiction. Respondents also filed a Motion for Summary Judgment and an accompanying Memorandum of Law in Support. The trial court granted the Motion to Dismiss, later amending the judgment to provide that the Motion was granted because the trial court lacked jurisdiction. This appeal follows.

I

■ Appellants argue that the trial court erred in dismissing their petition for lack of jurisdiction in that (1) the trial court had personal jurisdiction over the parties; (2) the petition set forth a claim of fraud which fell within the subject matter jurisdiction of the trial court; and (3) venue is not a requirement for jurisdiction.

■ Appellants are correct in their assertion that the trial court had personal jurisdiction over the parties and that venue is not a requirement for jurisdiction. *See* Section 508.010, RSMo 1994; *State ex rel. DePaul Health Center v. Mummert,* 870 S.W.2d 820 (Mo. banc 1994). Never-

theless, Appellants claims are precluded in part by the doctrine of res judicata.[1]

■ In the case at bar, Appellants asserted the same factual allegations against Respondents in the present action as they asserted in Jefferson County before Judge Kehm, who dismissed for failure to state a cause of action. Rule 67.03 provides, in pertinent part, that "[a]ny involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify." The general rule is that a dismissal without prejudice is not a final judgment, and therefore cannot be appealed. *Ampleman v. Schweiss*, 969 S.W.2d 862, 863 (Mo.App. E.D.1998) (citation omitted).

■ In certain instances, however, a dismissal without prejudice is final and appealable. Specifically, a dismissal without prejudice for failure to state a claim upon which relief can be granted can be tantamount to a determination that the plaintiff has no cause of action and can result in a final, appealable judgment. *Id.* at 864. A dismissal without prejudice may operate to preclude the party from bringing another action for the same cause and may be res judicata of what the judgment actually decided. *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997). "This is res judicata used in its broad sense, referring to both issue preclusion and claim preclusion." *Bachman v. Bachman*, 997 S.W.2d 23, 25 (Mo.App. E.D.1999).[2] The rule has been expressed as follows:

[A]n existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.

*Id.*, citing *Civic Plaza Nat. Bank of Kansas City v. University Nursing Home, Inc.*, 504 S.W.2d 193, 199 (Mo.App.1973).

■ "Principles of issue preclusion dictate that, even when a court has dismissed a case without prejudice, an issue specifically and necessarily decided by that court is final and may not be relitigated in a second action brought in a court of concurrent jurisdiction." *Bachman v. Bachman*, 997 S.W.2d 23, 25 (Mo.App. E.D.1999). This form of issue preclusion is sometimes referred to as "direct estoppel." *Id.*

■ "The dismissal of a petition for failure to state a claim, without prejudice, does not preclude a plaintiff from reasserting the claim on new factual allegations." *Bachman*, 997 S.W.2d at 25. This is consistent with Rule 67.01, which permits a party to bring another civil action for the same cause that has been dismissed without prejudice unless the civil action is otherwise barred. Rule 67.01 does not, however, permit refiling of a petition previously determined not to state a claim. *Id.* "A dismissal for failure to state a cause of action is sufficient to raise res judicata in a later proceeding, and it is immaterial that the wording of the counts has been changed in an apparent attempt

---

1. Appellant and Respondents have argued, both in their briefs and at oral arguments, about the preclusive effect of the Petition to Set Aside Small Estate filed before Judge Bader in Jefferson County. In that case, Appellants filed suit against Decedent's estate, and not against Respondents personally. As such, the identity of the parties is not the same and res judicata has no effect. Missouri courts have stated that "[a]ll that is required to find identity of parties is a finding that the present plaintiff was a plaintiff in the first suit and the present defendant was a defendant in the first suit." *Rice v. Taylor–Morley–Simon,*

*Inc.,* 842 S.W.2d 926, 928 (Mo.App. E.D. 1992). That burden has not been met regarding the suit brought before Judge Bader.

2. The more traditional res judicata is a judicially created doctrine to inhibit multiplicity of lawsuits by precluding "the same parties ... from relitigating the same cause of action." *Elam v. City of St. Ann,* 784 S.W.2d 330, 334 (Mo.App. E.D.1990) (citation omitted); *66, Inc. v. Crestwood Commons Redevelopment Corp.,* 998 S.W.2d 32, 42 (Mo. banc 1999).

to correct the defects in the original pleadings." *Greening v. Klamen,* 719 S.W.2d 904, 906 (Mo.App. E.D.1986) (citations omitted).

In the case at bar, the petitions filed before Judge Kehm in Jefferson County and filed in the present action in St. Louis County each allege several identical counts and factual bases for those counts. As such, the claims are barred by the doctrine of res judicata and the trial court has no jurisdiction to hear them unless Appellants can present new factual allegations that will enable them to state a claim. The dismissal entered in Jefferson County was appealable as a final judgment, and any alleged error in the dismissal of the petition for failure to state a claim should have been challenged by an appeal in that case. *Rice v. Taylor–Morley–Simon, Inc.,* 842 S.W.2d 926, 929 (Mo.App. E.D.1992).

As for the remaining count, which was not alleged in the Jefferson County action, we reverse and remand it to the trial court for further proceedings.

ROBERT G. DOWD, Jr., P.J., and MARY RHODES RUSSELL, J., concur.