Joseph E. ELROD, et al., Appellants,

v.

Rondell STEWART, et
al., Respondents.

Nos. WD 64126, WD 64162.

Missouri Court of Appeals,
Western District.

May 31, 2005.

588 ■

Jean A. Maneke, Kansas City, MO, for appellants.

Steven E. Mauer, Kansas City, MO, for respondents.

Before: EDWIN H. SMITH, C.J., HAROLD L. LOWENSTEIN and ROBERT G. ULRICH, JJ.

## ROBERT G. ULRICH, J.

Appellants, residents of the City of Independence, appeal the judgment of the trial court dismissing with prejudice their petition for injunctive relief against the mayor and members of the city council of Independence (Respondents) for violation of the Missouri Sunshine Law, Chapter 610.[1] Appellants contend that the trial court erred in dismissing their petition for failure to state a claim upon which relief can be granted because their petition contained a concise statement of facts showing they were entitled to relief. Appellants also claim the trial court erred in denying their application for change of judge. The judgment of the trial court is reversed, and the case is remanded.

### Facts

Appellants filed their first petition on February 27, 2004, for permanent injunctive relief and for assessment of civil fines and penalties for violation of the Missouri Sunshine Law. The petition alleged that Respondents gathered on February 7, 2004, at the Englewood Café in Independence; that at the gathering, "public business" was discussed; that because "public business" was discussed at the meeting, the meeting constituted a "public meeting"; and that Respondents failed to post notice for the public meeting or keep minutes of the meeting. Respondents filed a motion to dismiss for failure to state a claim contending that (1) the Missouri Sunshine Law expressly states that informal gatherings of members of a governmental body for social or ministerial purposes where there is no intent to avoid the Sunshine Law are not "public meetings," and (2) Appellants failed to allege the content of any alleged statements that constitute "public business." The trial court

---

1. All statutory references are to RSMo Cum. Supp. 2004 unless otherwise indicated.

dismissed the petition without prejudice on March 21, 2004, following a hearing.[2]

On March 31, 2004, Appellants filed another petition for permanent injunctive relief and for assessment of civil fines and penalties under a new case number. The new case was coincidentally assigned to the same judge who heard the original case. The petition (hereinafter "second petition") set out the same allegations as the original petition. Additionally, under the allegation that "public business" was discussed at the gathering, Appellants added language that they are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery to show that Respondents discussed the salary to be paid to the interim city manager and/or the city budget and/or other items currently before the city council members. Respondents filed a motion for the court's order to show cause why the matter should not be dismissed and sanctions imposed claiming the petition still failed to state a claim upon which relief could be granted. The trial court entered its order to show cause on April 5, 2004, setting a hearing on the show cause order for April 12, 2004.

Appellants filed an application for change of judge on April 8, 2004. The trial court denied Appellants' application for change of judge on April 12, 2004, finding that the case involves substantially the same parties and claims as the prior case on which the court had already heard evidence. The same day, the trial court issued a notice of intent to enter an amended judgment of dismissal and set a hearing on April 14, 2004. Following the hearing, the trial court entered its amended judgment of dismissal with prejudice.

In the amended judgment, the trial court found that under Rule 75.01, it retained jurisdiction over its March 19, 2004, judgment of dismissal without prejudice for thirty days, that it was treating Appellants' second petition as an amended petition from the first case, and that Appellants' second petition failed to plead facts that would entitle them to relief. This appeal followed.

### Change of Judge

In their second point on appeal, Appellants claim that the trial court erred in denying their request for a change of judge. They contend the application was timely filed and made prior to any appearance before the trial judge and was, thereby, compliant with Rule 51.05. Because this point is dispositive, point one is not addressed.

The right to disqualify a judge is "one of the keystones of our legal administrative edifice." *State ex rel. Kramer v. Walker*, 926 S.W.2d 72, 75–76 (Mo.App. W.D.1996)(quoting *State ex rel. Wedemeier v. McKenzie*, 889 S.W.2d 99, 100–101 (Mo. App. E.D.1994)). Rule 51.05 provides for an automatic change of judge when timely requested. It provides a litigant a virtually unfettered right to unilaterally disqualify a judge irrespective of the reason. *Kramer*, 926 S.W.2d at 76. When a proper and timely application has been made for a change of judge, the trial court has no discretion but to certify the case to another judge. *Id.* In other words, the filing of a timely application for change of judge deprives the court of further jurisdiction to do anything in the case other than grant the application. *State ex rel.*

2. On March 25, 2004, one of the Appellants filed a petition pursuant to Rule 57.02 for the purpose of taking deposition testimony of Respondents to discover sufficient facts to support Appellants' allegation that public business was discussed at the February 7, 2004, gathering. The Appellant dismissed this petition without prejudice on March 31, 2004.

*Anderson v. Frawley,* 923 S.W.2d 960, 961 (Mo.App. E.D.1996).

Appellants rely on *Pender v. Pender,* 634 S.W.2d 244 (Mo.App. W.D.1982), in arguing that their application for change of judge was timely. In that case, Mother filed a motion to modify the decree of dissolution as to visitation. *Pender,* 634 S.W.2d at 245. Father filed an application for change of judge under Rule 51.05 and a motion to dismiss. *Id.* The case was assigned to a new judge, and the new judge dismissed the motion to modify without prejudice. *Id.* Twelve days later, Mother filed a new motion to modify the decree of dissolution as to visitation. *Id.* Father once again applied for a change of judge but was denied. *Id.* Following a trial on the merits, Father appealed claiming that the court was bound under Rule 51.05 to grant a change of judge. *Id.* Mother argued that her second motion to modify was effectively an amendment of the dismissed motion in the same civil action so that the change of judge granted to Father on the first motion exhausted the allowance to Father under Rule 51.05. *Id.* at 246.

This court agreed with Father. It stated that because neither a request for leave to amend was made nor an order to allow the continuation of the action by amendment or otherwise was entered, the order dismissing the first motion to modify terminated the entire action, not just the petition. *Id.* Thus, the subsequent motion to modify was an altogether new civil action and entitled Father anew to a change of judge under Rule 51.05. *Id. But see Peet v. Randolph,* 103 S.W.3d 872, 876 (Mo.App. E.D.2003)(where trial court entered an order of dismissal without prejudice, the order was an interlocutory order of dismissal, the trial court did not lose jurisdiction, and the plaintiff's filing of a second petition had no effect on the court's jurisdiction of the first action and was barred under the "pending action doctrine.")

▪▪▪ Respondents, on the other hand, claim that the second petition filed by Appellants was actually an amended petition in the original proceeding over which the trial court retained jurisdiction under Rule 75.01. Rule 75.01 provides that a trial court retains jurisdiction over a matter for thirty days after entry of judgment to amend, modify, vacate, reopen, or correct its judgment. The judgment then becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed. Rule 81.05(a)(1). Generally, a dismissal without prejudice is not a final judgment and, therefore, cannot be appealed. *Bentch v. Collins,* 28 S.W.3d 453, 456 (Mo.App. E.D.2000). In certain circumstances, however, dismissal without prejudice is final and appealable. *Id.* Specifically, dismissal without prejudice for failure to state a claim upon which relief can be granted can be tantamount to a determination that the plaintiff has no cause of action and can result in a final, appealable judgment. *Id.* Where a trial court makes such determination and undertakes to dismiss a petition for failure to state a claim upon which relief can be granted, the court's dismissal must meet the requirements of Rule 74.01(a) for a judgment. *Lowery v. Air Support Int'l, Inc.,* 971 S.W.2d 323, 324 (Mo.App. S.D. 1998). Rule 74.01(a) provides that a judgment is entered when (1) a writing (2) signed by the judge (3) and denominated "judgment" (4) is filed. Respondents contend that the trial court's March 21, 2004, dismissal for failure to state a claim upon which relief can be granted met the requirements of Rule 74.01(a); Rule 75.01, therefore, applied; and the trial court retained jurisdiction over the matter for thirty days. Thus, they claim, Appellants' sec-

ond petition filed within thirty days was effectively a motion to set aside the March 21, 2004, judgment and to amend the original petition.

Respondents are correct that the March 21, 2004, judgment of dismissal without prejudice met the requirements of Rule 74.01(a) and that the trial court retained jurisdiction over the judgment for thirty days under Rule 75.01. Rule 75.01 did not, however, authorize the trial court to treat Appellants' second petition filed on March 31, 2004, as an amended petition in the original case. In filing their second petition, Appellants were not asking the trial court to set aside its March 21 judgment and to allow them to amend the petition. Appellants elected not to seek amendment of their original petition or to appeal the judgment dismissing their original petition but, instead, elected to file a new petition in a new civil action. Had Appellants filed their second petition more than thirty days after entry of the judgment dismissing their first petition, the case would be considered a new civil action. Rule 75.01 did not convert Appellants' second petition filed under a new case number into an amended petition in the first case simply because Appellants filed their second petition within thirty days of the March 21, 2004, judgment and the petition happened to be assigned to the same judge as the first.

Rule 67.01 permits a party to bring another civil action for the same cause that has been dismissed without prejudice unless the civil action is otherwise barred. *Bentch*, 28 S.W.3d at 456. While a dismissal without prejudice for failure to state a claim may operate to preclude the plaintiff from bringing another action for the same cause and may be res judicata of what the judgment actually decided, the dismissal does not preclude the plaintiff from reasserting the claim on new factual allegations. *Id.* Rule 67.01 does not, however, permit refiling a petition previously determined not to state a claim. *Id.* "A dismissal for failure to state a cause of action is sufficient to raise res judicata in a later proceeding, and it is immaterial that the wording of the counts has been changed in an apparent attempt to correct the defects in the original pleading." *Id.* at 456–57 (quoting *Greening v. Klamen*, 719 S.W.2d 904, 906 (Mo.App. E.D.1986)).

Appellants' second petition was filed under a new case number and contained different allegations, albeit one addition to the allegation of "public business." Whether the second petition actually contained new factual allegations, is precluded by res judicata, or is otherwise barred are not issues currently before this court. Rather, Appellants filed an application for change of judge shortly after filing their second petition, and the question is whether their application was timely.

Rule 51.05(b) sets out the time for filing an application for change of judge:

> The application must be filed within 60 days from service of process or 30 days from the designation of the trial judge, whichever time is longer. If the designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to any appearance before the trial judge.

Appellants' application for change of judge was filed within the time limit specified in the first sentence of Rule 51.05(b). Appellants' second petition was filed on March 31, 2004, and thereafter, Respondents filed a motion for an order to show cause. The trial court entered an order to show cause on April 5, 2004, setting a hearing on the order for April 12, 2004. Although the record does not indicate when the trial judge was designated, obviously the trial judge was designated on April 5, 2004, at

the latest. On April 8, 2004, Appellants filed their application for change of judge well within sixty days from service of process or thirty days from the designation of the trial judge. Additionally, the second sentence of Rule 51.05(b) is inapplicable because a trial had not yet commenced in this case. Appellants' application for change of judge was timely under Rule 51.05(b).

Respondents argue that the trial court did not err in denying Appellants' application for change of judge on April 12, 2004, because the request for the court's show cause order regarding the second petition was already commenced at that time. They rely on *Jenkins v. Andrews,* 526 S.W.2d 369, 373 (Mo.App.1975), which held that the timely filing of an application for change of judge cannot deprive the trial court of jurisdiction to rule upon matters then under submission. In *Jenkins,* defendants filed a motion for summary judgment or, in the alternative, a motion to dismiss. *Id.* at 371. The motions, evidence, and argument of counsel were presented to the trial court, and the court indicated its intention to overrule the motion for summary judgment but to sustain the motion to dismiss unless an amended petition were filed. *Id.* Accordingly, plaintiffs asked for leave to amend and the trial court granted them thirty days to do so. *Id.* Within the thirty-day period, plaintiffs filed an application for change of judge. *Id.* After argument on the application, the trial court dismissed plaintiff's petition and then granted the request for change of judge. *Id.*

This court affirmed the action of the trial court explaining:

> To permit appellants to disqualify the judge, rather than to file their amended petition, would nullify the hearing which had been held, result in a deplication of the proceeding already undertaken and permit appellants to take advantage of a tentative expression of opinion by the trial judge on the matter submitted to avoid his action upon it. Such result is not required by Rule 51.05.... [T]he action of the trial court in ruling on the motion previously submitted before acting on the disqualification was not error.

*Id.* at 373.

This case is distinguishable from *Jenkins.* At the time of the filing of Appellants' application for change of judge on April 8, 2004, no matter was under submission to the trial court. While the trial court entered an order to show cause on April 5, 2004, a hearing on the order was not set until April 12, 2004. Appellants filed their application for change of judge prior to the hearing on the show cause order. *Jenkins,* therefore, does not apply here. *See Natural Bridge Dev. Co. v. St. Louis County Water Co.,* 563 S.W.2d 522, 526 (Mo.App.1978)(where at the time the application for change of judge was filed, no matter was under submission to the trial court although a hearing on an order to show cause why a temporary injunction should not be issued was scheduled for a later date).

In conclusion, Appellants' application for change of judge was timely and should have been granted. The amended judgment is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

SMITH, C.J., and LOWENSTEIN, J., concur.