**Mari BUSH, Plaintiff/Appellant,**

v.

**CITY OF COTTLEVILLE, et al., Defendants/Respondents.**

**No. ED 99688.**

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 22, 2013.

Charissa Mayes, St. Charles, MO, for appellant.

David Hamilton, St. Charles, MO, for respondent.

Scott Harper, Aaron Mandel, Clayton, MO, Wayne Schoeneberg, St. Peters, MO, for Joseph Aiello.

LISA S. VAN AMBURG, Judge.

## INTRODUCTION

Plaintiff Mari S. Bush appeals the judgment of the Saint Charles County Circuit Court granting defendants City of Cottleville, Missouri, the Cottleville Board of Adjustment ("BOA"), and Joseph A. Aiello's motion to dismiss for failure to state a claim upon which relief can be granted. On appeal, Bush argues that the trial court erred by: (1) dismissing her claims against Aiello, City, and BOA under section 89.491, RSMo (2000), for violation of city zoning ordinances, planning provisions, and land use regulations; and (2) dismissing her claims against Aiello, City, and BOA for private nuisance. City and BOA filed a motion to dismiss alleging Bush's brief fails to comply with Missouri Supreme Court Rule 84.04, which we consider together with this appeal.

We deny City and BOA's motion to dismiss for failure to comply with Rule 84.04. We affirm the trial court's dismissal of Bush's claims against City and BOA. We reverse the trial court's dismissal of Bush's section 89.491 and private nuisance claims against Aiello and remand this matter to the trial court for further proceedings consistent with this opinion.

## FACTS

Bush is the owner of a residential property located at 345 Summer Ridge Drive in an unincorporated area of Saint Charles County. Aiello, through the Aiello Group, LLC, owns an adjacent property at 5286 Highway North in the City of Cottleville, Missouri, on which he operates The Tinder Box, a cigar bar with a heated outdoor enclosure housing bocce ball courts. Between July 2011 and January 2012, Aiello obtained a series of zoning permits and variances from the BOA to expand his business, including a permit to operate a tobacco stand and package liquor store and a variance to build a permanent structure within the twenty-five foot rear-yard setback.

 On November 6, 2012, Bush filed suit in Saint Charles County Circuit Court alleging that BOA wrongly granted the permits and variance to Aiello, and that Aiello's property emits smoke, noise, light, and glare which encroach onto Bush's property. The trial court held that Bush's suit was an improper collateral attack on BOA's decision to grant Aiello's permits and variance, and that Bush's claim was barred by the time limit for seeking judicial review under section 89.110, RSMo (2000). The trial court dismissed Bush's petition for failure to state a claim upon which relief can be granted, and denied Bush's request to amend her pleading.[1]

---

1. Though the trial court dismissed Bush's claim without prejudice, "dismissal without prejudice for failure to state a claim upon which relief can be granted can be tantamount to a determination that the plaintiff has no cause of action and can result in a final, appealable judgment." *Bentch v. Collins,* 28 S.W.3d 453, 456 (Mo.App.E.D.2000). As was the case here, "[a] dismissal for failure to state a cause of action is sufficient to raise res judicata in a later proceeding." *Id.* (quoting *Greening v. Klamen,* 719 S.W.2d 904, 906 (Mo.App.E.D.1986)). Thus, the dismissal of Bush's claim was an appealable final judgment.

This appeal follows.[2]

## DISCUSSION

We first consider City and BOA's motion to dismiss this appeal due to Bush's failure to comply with Rule 84.04. "In some cases, a brief may be so deficient that it precludes appellate review," *Nicholson v. Transamerica Occidental Life Insurance Co.*, 144 S.W.3d 302, 305 (Mo.App. W.D.2004), and "[f]ailure to substantially comply with Rule 84.04 ... is a proper ground for dismissing an appeal," *Lueker v. Mo. W. State Univ.*, 241 S.W.3d 865, 867 (Mo.App.W.D.2008). Among its many other requirements, "Rule 84.04(i) mandates the use of citations to either the transcript or legal file for every statement of fact and argument." *Ireland v. Div. of Emp't Sec.*, 390 S.W.3d 895, 900 (Mo.App.W.D.2013).

Here, Bush not only failed to include any citation whatsoever to the legal file in her initial brief, but was also so bold as to defend this deficiency as a reasonable stylistic choice. She states that the lack of page references give her brief "a more cohesive and chronological recitation of events" by avoiding a "choppy listing of the paragraphs in the complaint." She is sorely mistaken. The Missouri Supreme Court Rules require citation to the record for a reason. This Court does not bungle through the facts in a party's brief on blind faith alone. We verify by reference to the record. By failing to include citations thereto, a party necessarily requires this Court to "scour the record to cure such a deficiency." *Waller v. A.C. Cleaners Mgmt., Inc.*, 371 S.W.3d 6, 11 (Mo.App. E.D.2012) (quoting *McGill v. Boeing Co.*, 235 S.W.3d 575, 578 (Mo.App.E.D.2007)).

Nevertheless, "[w]hether to dismiss an appeal for briefing deficiencies is discretionary. That discretion is generally not exercised unless the deficiency impedes disposition on the merits." *Maskill v. Cummins*, 397 S.W.3d 27, 31 (Mo.App. W.D.2013) (quoting *Biersmith v. Curry Ass'n Mgmt., Inc.*, 359 S.W.3d 84, 88 (Mo. App.W.D.2011)). "An appellate court prefers to resolve an appeal on the merits of the case rather than to dismiss an appeal for deficiencies in the brief." *Id.* Here, our review is based on a limited record due to the early stage at which Bush's claim was dismissed. Thus, despite Bush's substantial noncompliance (in more ways than we have discussed here), we review her claims ex gratia in an effort to provide a determination on the merits.

We move now to the substance of this appeal. "Our review of a dismissal for failure to state a claim is de novo." *Chochorowski v. Home Depot U.S.A., Inc.*, 295 S.W.3d 194, 197 (Mo.App.E.D.2009). "A motion to dismiss for failure to state a claim ... is solely a test of the adequacy of the petition." *Id.* "[W]e accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and we construe all allegations favorably to the pleader.... 'to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.'" *Id.* (quoting *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 306 (Mo. banc 1993)).

Bush first contends that the trial court erred by dismissing her claims against Aiello, City, and BOA under section 89.491 for failure to state a claim. As to her claim against Aiello, she is correct. Section 89.491.1 states, in pertinent part: "Any person ... aggrieved by a violation described in this subsection may commence a civil action on his own behalf against any person who is alleged to be ... in violation of any standard, regula-

---

**2.** Bush does not appeal the trial court's denial of her motion to amend.

tion, or ordinance which has been adopted by any county or city pursuant to . . . this chapter." Chapter 89 of the Revised Statutes of Missouri authorizes, inter alia, cities to regulate land use and zoning. Bush's petition alleges that Aiello's property emits light, noise, and smoke in excess of city limits under section 405.770 of the Cottleville Municipal Code, and that these violations impair the use and enjoyment of her adjoining property. Her petition further alleges that Aiello's violations adversely affect the value of her property. *Cf. Bender v. Forest Park Forever, Inc.*, 142 S.W.3d 772, 773 (Mo.App.E.D.2004) (explaining that a "personal stake" for purposes of standing to bring claim under section 89.491 "is shown by alleging a threatened or actual injury resulting from the challenged action"). Because Bush alleges that she has been harmed by Aiello's violation of a specific local zoning ordinance, she has alleged the necessary elements to state a cause of action under section 89.491 sufficient to withstand dismissal for failure to state a claim.[3]

▮ Bush has failed, however, to state a section 89.491 claim against City and BOA. While we doubt whether section 89.491 actually provides a cause of action against local municipal authorities, we need not decide that issue.[4] Section 89.491 requires a plaintiff to allege a "violation of any standard, regulation, or ordinance which has been adopted by any county or city pursuant to chapter 64 or this chapter." Bush's petition merely states that the "action of the BOA in approving the variance was arbitrary, capricious, and unlawful," and that the BOA "abused its discretion." She cites to no "standard, regulation, or ordinance" for BOA or City to have violated. Bush cannot expect the trial court to pluck such an essential part of the claim out of thin air. Thus, Bush's section 89.481 claim against City and BOA fails for failure to allege a necessary element of a cause of action.[5]

▮ Bush next contends that the trial court erred by dismissing her claims of private nuisance against Aiello, City, and BOA for failure to state a claim. "Nuisance is the unreasonable, unusual, or

3. We recognize that Bush's pleading is poorly drafted, and a bit of hunting was required to identify the necessary elements for Bush's section 89.491 claim against Aiello. However, "[t]he trial court's ruling on a motion to dismiss for failure to state a claim must be construed liberally and favorably to plaintiffs. . . . [and t]he dismissal will be upheld only if plaintiff could not recover on any theory pleaded." *Gaines v. Monsanto Co.*, 655 S.W.2d 568, 570 (Mo.App.E.D.1983) (internal citations omitted). Bush's petition was no *so* deficient as to warrant dismissal, especially as the trial court saw fit to deny her the opportunity to amend.

4. We note that section 89.491 states that a claimant may bring an action against any "person," rather than city or municipal board.

5. The trial court interpreted the whole of Bush's petition as a collateral attack on

BOA's decisions to grant Aiello's permits and variance, and dismissed for Bush's failure to seek judicial review of those decisions under section 89.110, RSMo (2000), within the thirty-day time limit. Nevertheless, "[t]his Court will affirm the dismissal if it is supported by any ground, regardless of whether the trial court relied on that ground." *Dujakovich v. Carnahan*, 370 S.W.3d 574, 577 (Mo. banc 2012).

To the extent that Bush's petition may be construed as an attack on BOA's decision, we agree with the trial court that Bush's exclusive remedy was under section 89.110. *See Normandy Sch. Dist. v. City of Pasadena Hills*, 70 S.W.3d 488, 492 (Mo.App.E.D.2002) ("[I]f there is an adequate statutory remedy the procedure prescribed is exclusive."). Bush's petition was an attack on BOA's decision, not the validity of an ordinance upon which that decision was based. *See St. John's Evangelical Lutheran Church v. City of Ellisville*, 122 S.W.3d 635, 640 (Mo.App.E.D.2003).

unnatural use of one's property so that it substantially impairs the rights of another to peacefully enjoy [her] property." *Rosenfeld v. Thoele,* 28 S.W.3d 446, 450 (Mo. App.E.D.2000). "Essential elements that are required for recovery on the basis of nuisance are injury, damage, and causation." *Basham v. City of Cuba,* 257 S.W.3d 650, 653 (Mo.App.S.D.2008).

Bush's petition alleges that Aiello's use of his property is unreasonable in that it emits smoke, noise, light, and glare which encroach onto Bush's adjacent property so as to substantially impair its use. Her petition further alleges that her property has suffered a loss in market value due to the Aiello's use of his property. "There is no exact rule or formula by which the existence of a nuisance or the nonexistence of a nuisance may be determined." *Rosenfeld,* 28 S.W.3d at 450 (quoting *Frank v. Envtl. Sanitation Mgmt., Inc.,* 687 S.W.2d 876, 881 (Mo. banc 1985)). "The questions of whether a use is 'unreasonable' and whether it 'substantially' impairs the rights of another to use his or her property are particularly fact intensive and, therefore, best suited for jury resolution." *Id.* Additionally, an adverse effect on the value of land is sufficient damage for purpose of withstanding a motion to dismiss for failure to state a claim. *Id.* Taken as true, Bush's allegations are adequate to establish a recognized cause of action for private nuisance against Aiello so as to withstand dismissal for failure to state a claim. However, Bush's nuisance claims against City and BOA necessarily fail, as City and BOA have neither use of the property at issue, nor operate the means of alleged encroachment. *Cf. Miller v. City of Wentzville,* 371 S.W.3d 54, 57 (Mo.App.E.D.2012) (discussing elements of inverse condemnation, e.g., nuisance cause of action against entity with power of eminent domain). Therefore, Bush has failed to state a claim against City and BOA for private nuisance.

## CONCLUSION

For the foregoing reasons, we deny City and BOA's motion to dismiss for failure to comply with Rule 84.04. We affirm the trial court's dismissal of Bush's claims against City and BOA. We reverse the trial court's dismissal of Bush's section 89.491 and nuisance claims against Aiello and remand this matter to the trial court for further proceedings consistent with this opinion.

ROBERT M. CLAYTON, C.J., and KURT S. ODENWALD, Jr., J., Concur.