**Emma FRANCE, Plaintiff–Appellant,**

v.

**Rita HUNTER, John Joseph Podleski, Crandall & Podleski, P.C., and Stephen Bazzano, Defendants–Respondents.**

**No. SD 30004.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 9, 2010.

R. Lynn Myers, Springfield, MO, for Appellant.

Michael J. Patton, George W. "Jake" Reinbold, IV, Springfield, MO, for Respondent Rita Hunter(no brief), Podleski and Crandall & Podleski, P.C.

NANCY STEFFEN RAHMEYER, Judge.

Emma France ("Appellant") filed two actions, one in federal District Court ("District Court") and one in state trial court ("trial court"),[1] arising from the appointment of Rita Hunter ("Ms. Hunter"), the Public Administrator of Jasper County, as Appellant's guardian and conservator. Appellant filed her first action in District Court on February 8, 2008, against three parties: the lawyer and law firm that represented Ms. Hunter in the guardianship appointment, John Podleski and Crandall & Podleski, P.C. ("Respondents"), and Ms. Hunter, individually and in her capacity as Public Administrator. In her Complaint, Appellant alleged that Respondents violated her rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. section 1983. Respondents filed a motion to dismiss for failure to state a claim, and the District Court granted the motion and dismissed the claims against Respondents with prejudice. Two days later, the District Court ordered the remaining parties to show cause why the matter should not be dismissed for lack of subject matter jurisdiction. Appellant and Ms. Hunter filed their responses, and on May 22, 2008, the District Court entered an Order dismissing Appellant's claims against Ms. Hunter without prejudice because the District Court lacked subject matter jurisdiction over those claims.

On July 1, 2008, Appellant filed her second action in Jasper County, Missouri, against Respondents, Ms. Hunter, and Stephen J. Bazzano, D.O. ("Dr. Bazzano"), which was nearly identical to Appellant's federal Complaint. Respondents filed a second motion to dismiss for failure to state a claim, arguing, among other things,

---

1. We recognize that Appellant may have filed more than two actions in this matter; however, we will only discuss the two lawsuits relevant to this appeal.

that Appellant's claim was barred by res judicata. On July 7, 2009, the trial court entered its Judgment, sustaining Respondents' motion to dismiss and dismissing Appellant's claims against them with prejudice. The trial court held that because the second action against Respondents was identical to the first, all of Appellant's claims against Respondents were barred by the doctrine of res judicata. We affirm the judgment of the circuit court.

### Standard of Review

While the issue of res judicata was presented to the trial court through a motion to dismiss, because the parties and trial court considered matters outside the pleadings, they essentially treated the matter as a motion for summary judgment.[2] *See Heins Implement Co. v. Missouri Highway & Transp. Comm'n*, 859 S.W.2d 681, 685 (Mo. banc 1993), *abrogated on other grounds by Southers v. City of Farmington*, 263 S.W.3d 603, 614 n. 13 (Mo. banc 2008). We review accordingly.

This Court reviews the grant of a motion for summary judgment *de novo. ITT Commercial Finance Corp. v. Mid–Am. Marine Supply*, 854 S.W.2d 371, 376 (Mo. banc 1993). Under this standard, we view the facts in the light most favorable to the nonmovant. *Id.* Here, the trial court's grant of summary judgment is premised upon the affirmative defense of res judicata, which was raised by Respondents. To affirm the trial court, we must find that Respondents' motion "sets forth undisputed facts which establish every element of [the] affirmative defense[ ]." *Transatlantic*

---

**2.** Rule 55.27(a) provides, in pertinent part:
If, on a motion ... to dismiss for failure of the pleadings to state a claim ..., matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04.

*Ltd. v. Salva*, 71 S.W.3d 670, 674 (Mo.App. W.D.2002).

### Analysis

■ Appellant's sole point on appeal states:

[t]he trial court erred in sustaining **[Respondents']** **motion to dismiss** for failure to state a claim **based upon res judicata** because the [District Court] in the previous case did not have subject matter jurisdiction in that any action or order of the [District Court] except to dismiss the previous case without prejudice was void as a matter of law.

(emphasis added). Essentially, Appellant is arguing that because the District Court lacked subject matter jurisdiction over the entire claim, its only option was to dismiss the case without prejudice and any other action by the District Court was void. As a result, Appellant contends that the District Court's Order, granting Respondents' motion to dismiss for failure to state a claim and dismissing Respondents with prejudice, was void. Therefore, according to Appellant, if the District Court's Order was void, the trial court could not rely on it as the basis for res judicata in granting Respondents' motion to dismiss them with prejudice from the trial court claim. We disagree.

Appellant claims that the District Court did not have subject matter jurisdiction over the entire claim, meaning that its dismissal without prejudice applied to both Ms. Hunter and Respondents. Appellant, however, fails to recognize that by the

While the rule provides for such treatment, it is recommended that the motion is initially filed as one for summary judgment to ensure that the trial court and parties comply with Rule 74.04.

time the District Court entered its dismissal for lack of subject matter jurisdiction, Respondents had already been dismissed from the lawsuit with prejudice. Furthermore, the District Court never addressed subject matter jurisdiction when it granted Respondents' motion to dismiss—instead the sole basis for granting the motion was Appellant's failure to state a claim. It is evident from the District Court's Order that it only intended to dismiss the case against Ms. Hunter without prejudice because it lacked subject matter jurisdiction over the claims against her—not against the Respondents. The District Court does not mention Respondents in its Order dismissing Ms. Hunter without prejudice, and in fact, it removed Respondents from the case caption on that Order. All of these factors together demonstrate that Respondents were no longer part of the federal lawsuit once the District Court dismissed them with prejudice. Because Appellant is only arguing that the trial court erred in sustaining the motion to dismiss on res judicata grounds, we only need to address Appellant's claim against Respondents.[3]

 "Res judicata" is a common-law doctrine that means "a thing adjudicated," and precludes a party from relitigating a formerly-made claim. *Chesterfield Village, Inc. v. City of Chesterfield,* 64 S.W.3d 315, 318 (Mo. banc 2002). Res judicata bars a claim from being relitigated if it is a cause of action that has been previously adjudicated by the same parties or those in privity with them. *Deatherage v. Cleg-*

*horn,* 115 S.W.3d 447, 454 (Mo.App. S.D. 2003). Here, Appellant raised identical claims against Respondents in both the District Court and the trial court. Not only are the claims identical, but Appellant also seeks the same relief against the same Respondents. Appellant did file an Amended Petition before the trial court; however, Appellant only changed a few words and the claims against Respondents remained unchanged. " 'A dismissal for failure to state a cause of action is sufficient to raise res judicata in a later proceeding, and it is immaterial that the wording of the counts has been changed in an apparent attempt to correct the defects in the original pleadings.' " *Bentch v. Collins,* 28 S.W.3d 453, 456–57 (Mo.App. E.D. 2000) (quoting *Greening v. Klamen,* 719 S.W.2d 904, 906 (Mo.App. E.D.1986)). Therefore, because the claims, parties, and relief sought are identical to the allegations in the District Court, Appellant's state claims against Respondents are barred by the doctrine of res judicata.

We affirm the judgment.[4]

LYNCH, P.J., and FRANCIS, J., concur.

---

**3.** All defendants in the lawsuit filed motions to dismiss in Jasper County; however, Respondents were the only defendants whose motion to dismiss was granted based on res judicata, which is what Appellant is contesting in this appeal. Ms. Hunter brought a motion to dismiss pursuant to immunity and failure to state a claim under 42 U.S.C. section 1983. The trial court overruled both of her motions. Dr. Bazzano brought a motion to dismiss pursuant to immunity, which was also overruled.

**4.** Because Appellant only argues that she was aggrieved by the trial court's judgment as to Respondents, we need not address any issues relating to Ms. Hunter or Dr. Bazzano.