Earl COOK and Allen Cook,
Plaintiffs–Respondents,

v.

Frederick G. LENERTZ,
Defendant–Appellant.

No. 53731.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 20, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 24, 1989.

Application to Transfer Denied
March 14, 1989.

Stephen C. Wilson, Jackson, for defendant-appellant.

Earl Cook and Allen Cook, Jackson, for plaintiffs-respondents.

PUDLOWSKI, Chief Judge.

Respondents, Earl Cook and Allen Cook, entered into a sharecrop agreement with the landowner to plant, cultivate and harvest crops on the owner's land in Cape Girardeau County. Respondents were to receive two-thirds of the proceeds and the owners one-third. The land was composed of six separate fields totaling an area of 26 acres. The respondents planted and cultivated soybeans on the land. Appellant, landowner, in September 1986, informed

respondents, in a letter that the sharecropping agreement would be terminated as of January first, 1986. On Saturday, November 22, 1986, respondents arrived at the fields to begin harvesting the soybean crop. The respondents harvested approximately 79.2 bushels of soybeans from the first field which covered 4 acres. Due to a construction ditch created by appellant's agents, respondents were prohibited from access to the remaining five fields. On Monday, after some inquiry, the respondents were able to contact the appellant's agent, and advise him of the ditch. The agent referred them to Penzel, a contractor, building warehouses on the adjacent parcel of land owned by appellant. He constructed a crossing on Tuesday. While it was being completed, rains began to fall and as a result the respondents were unable to enter upon the fields and harvest the rest of the crop. The remaining five fields, approximately 22 acres of soybeans, were never harvested. Soybeans at that time were selling for $5.00 a bushel.

Respondents filed a small claims petition. The appellant counterclaimed in two counts. In count I, he alleged non-payment of monies due and in Count II alleged negligence of the respondents. The circuit court found for the respondents in the amount of $1,000.00 and found for the respondents on appellant's counterclaims. From the judgment, appellant appeals.

This case was tried without a jury, thus the scope of our review is governed by Rule 73.01. We must sustain the judgment of the trial court unless it is not supported by substantial evidence. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Because this action began as a small claims complaint, with informal procedures and pleadings, we will affirm the lower court's judgment if it is correct under any reasonable theory supported by the pleadings and the evidence. *Metty v. Shurfine Cent. Corp.*, 736 S.W.2d 527, 529 (Mo.App.1987).

Appellant contends that the trial court's judgment is in error because there is no substantial evidence indicating the appellant caused the respondents' inability to gain access to the land. Appellant argues that absent proof of a wrongful act or omission on his part respondents are not entitled to recover.

Appellant's contentions construe respondents cause as being in tort. We believe respondents' cause rests in contract. *Morrill v. Alexander*, 215 S.W. 764 (Mo.App. 1919). A sharecropper, unlike a tenant who has a right of possession, "has the right only to go upon the land for the purpose of planting, cultivating and harvesting." *Davidson v. Frakes*, 639 S.W.2d 164, 165 (Mo.App.1982).

An owner's obligation to provide the cropper with access to the land is necessarily a part of the sharecropping agreement. Otherwise, the cropper is incapable of farming the land in a husbandry-like manner. A sharecropping arrangement provides the landowner with the services of a cultivator, planter and reaper and provides the cropper access to the land from which, hopefully, both parties mutually benefit.

When the respondents sought to begin harvesting the fields, they found access to five of them blocked by a construction ditch. At that moment, the appellant was in breach of the agreement. The fact that rain prevented the respondents from saving the harvest is unfortunate but in no way does the rain excuse the landowner from his duty to provide access.

Appellant next claims the trial court erred in not offsetting the value of the crops remaining after the land dried and became suitable for harvesting. Appellant argues respondent had a duty to mitigate damages by harvesting the crop remaining when the land became accessible.

The efforts which the injured party must make to avoid the consequences of the wrongful act or omission need only be reasonable under the circumstances of the particular case. *Cline v. City of St. Joseph*, 245 S.W.2d 695, 702 (Mo.App.1952). There is substantial evidence to support the circuit court's finding that the appellant gave notice to the respondents to vacate appellant's property as of the 31st day of December, 1986 and thus prohibited respon-

dent's from going on appellant's property to harvest the remainder of the crop after that date.

The trial court could find from the testimony that the respondents cultivated many fields in this region. They planted and harvested in rotation, proceeding in an orderly manner from field to field. Harvesting fields out of rotation would force the sharecroppers to incur additional expense by returning from a distant field to reap the fields in question. This, coupled with testimony estimating that more than half the crop was already lost before harvesting could recommence, indicates that an attempt to enter the land and harvest after the ground had dried was impractical and uneconomical. The court could reasonably believe from the evidence that it was unfeasible and costly for the respondents to harvest under these circumstances.

Finally, appellant asserts that the trial court's judgment was not supported by substantial evidence as to the respondents' actual lost profits, in that no evidence was presented of the expenses saved by not harvesting the remaining soybeans. We are aware that the exact calculation of damages requires that the expense and labor which the sharecroppers would have incurred in gathering the crop be deducted from the value of the crop. *Morrill*, 215 S.W. at 766. However, in the small claims trial the court could have reasonably ascertained the amount of damage and awarded the maximum allowed under such a claim although the respondents actual damages may have been greater and we conclude that the judgment was correct under any reasonable theory of damages and we affirm the judgment.

DOWD and CRIST, JJ., concur.