Albert PAULL, Plaintiff/Respondent,

v.

SHOP 'N SAVE WAREHOUSE FOODS,
INC., Defendant/Appellant.

No. 65775.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 10, 1995.

Richard B. Blanke, Charles M. Babinette, St. Louis, for appellant.

Albert Paull, pro se.

GRIMM, Chief Judge.

This is an appeal of a trial de novo of a small claims case. Plaintiff claims that defendant's grocery cart damaged his car. The trial court determined plaintiff's damages were $350 and found both parties 50% negligent. Defendant appeals; we reverse.

Defendant raises five points on appeal. Only two points require discussion. The first concerns the refusal of the trial court to make findings of fact and conclusions of law. The other alleges plaintiff did not make a submissible case.

## I. Background

On September 26, 1993, plaintiff parked his car on defendant's grocery store parking lot in Maplewood. The parking lot is on a very steep incline which slopes toward the store. Sometime later, plaintiff returned to his car and discovered that a grocery cart was lying against it.

## II. Rule 73.01

■ In its first point,[1] defendant alleges the trial court erred in refusing to issue findings of fact and conclusions of law. It contends that it submitted a timely request in accordance with Rule 73.01(a)(3).

At the conclusion of the trial, the trial judge said: "You'll get my decision in the mail." Thereafter, defendant's counsel apparently handed a written request to the judge and made an oral motion "pursuant to Rule 73.01." The trial judge denied the motion.

■ Rule 73.01 requires that a request for findings of fact and conclusions of law be made before final submission of the case. "Submission is final when the evidence and arguments are finished and the court takes the case, whether it is taken for immediate decision or merely under advisement preliminary to the rendition of a decision." *Millard Farms, Inc. v. Sprock,* 829 S.W.2d 1, 4 (Mo. App.E.D.1991).

Here, the request was untimely because it was not made "before final submission of the case." Rule 73.01(a)(3). The transcript clearly reveals that all evidence and statements of the parties had been made before the court announced that the decision would be sent in the mail. Point denied.

One other observation. Although the rule permits a party to make its request any time before "final submission," the better practice is to submit the request at or before the beginning of the trial. By so doing, the trial judge is alerted to what counsel believes are the "controverted fact issues." *Id.* As a result, the trial judge will be in a better position to consider the evidence relating to those issues as it is presented.

## III. Causation

■ Defendant's next point[2] alleges that plaintiff failed to establish a submissible case. Specifically, it contends that plaintiff failed to introduce any evidence of causation. We agree.

---

1. Defendant moved to strike two exhibits plaintiff filed in this court. These exhibits were not before the trial court. Exhibits not offered at trial are not properly part of the record on appeal. *Henning v. Director of Revenue,* 790 S.W.2d 513, 514 (Mo.App.E.D.1990). Motion granted.

   Plaintiff moved for sanctions under rule 55.03. Motion denied.

2. Defendant's brief contains four points which basically address whether a submissible case was made. Our disposition of this point renders the other points moot.

Because this action began as a petition in small claims court, with informal pleadings and procedures, we will affirm the trial court's judgment if it is correct under any reasonable theory. *Cook v. Lenertz*, 764 S.W.2d 682, 683 (Mo.App.E.D.1988). Our standard of review is the same as in other court tried cases. *Kelsey v. Nathey*, 869 S.W.2d 213, 214 (Mo.App.E.D.1993).

Actionable negligence requires a causal connection between defendant's conduct and the resulting injury to the plaintiff. *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 244 (Mo. banc 1984); *Oldaker v. Peters*, 869 S.W.2d 94, 100 (Mo.App.W.D.1993). To prove a causal connection between an allegedly negligent act and an injury, a plaintiff must show two things: (1) causation in fact and (2) proximate cause. *Koerber v. Alendo Bldg. Co.*, 846 S.W.2d 729, 730 (Mo.App.E.D. 1992).

In considering whether plaintiff established causation in fact, we apply the "but for" test. *Callahan v. Cardinal Glennon Hospital*, 863 S.W.2d 852, 862 (Mo. banc 1993). Under this test, plaintiff must prove that the injury would not have happened but for defendant's conduct. *Id.* at 860–61.

Here, plaintiff did not present any evidence of how the cart came in contact with his car. Neither the trial court nor we can determine whether a customer, a store employee, or someone else either negligently or intentionally pushed the cart into plaintiff's car, or if a customer failed to place the cart in a location where it would not roll into plaintiff's car. Thus, plaintiff did not prove that defendant was the cause in fact of the damage to plaintiff's car.

The trial court's judgment is reversed.

SMITH and CARL R. GAERTNER, JJ., concur.