Bernadette M. HEAVRIN and James A. Caito, Plaintiffs–Respondents,

v.

SHOP 'N SAVE, Defendant–Appellant.

No. 68506.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 28, 1996.

Richard B. Blanke, St. Louis, for appellant.

Bernadette M. Heavrin, Cape Girardeau, pro se.

James A. Caito, Cape Girardeau, pro se.

CRAHAN, Presiding Judge.

Following trial de novo of this action originating in small claims court, Shop 'n Save ("Defendant") appeals from an adverse judgment for $359.14 on Plaintiffs' claims alleging property damage to their automobiles caused by one of Defendant's shopping carts. We affirm.

The relevant facts of this case are not in dispute. Plaintiffs are both employees of a Chuck E. Cheese restaurant located adjacent to Defendant's grocery store. Adjacent parking lots for the two establishments are separated by a speed bump which divides the portion of the lot in front of the Chuck E. Cheese from that located by Defendant.

On the morning of November 27, 1994, Plaintiffs parked their respective cars in front of the Chuck E. Cheese restaurant. There were ten or twelve shopping carts on Defendant's side of the lot. There was light rain with light to modest winds. Within the next hour the wind and rain increased. Plaintiff James Caito testified that just after a period of particularly strong wind he saw shopping carts against his car and Bernadette's car. Plaintiff Bernadette Heavrin also testified that she witnessed the resulting damage.

Defendant claims that Plaintiffs have failed to make a submissible case due to a lack of evidence connecting a negligent act or omission on the part of Defendant and the damage to the automobiles. Defendant relies completely on *Paull v. Shop 'N Save,* 890 S.W.2d 401 (Mo.App.1995). In *Paull,* a Shop 'n Save customer finished shopping and returned to the Shop 'n Save lot to find his car damaged by a cart. *Id.* There was no indication of how the damage occurred. The trial court's judgment in favor of customer was reversed for failure to make a submissible case based on a lack of evidence showing that the damage was the result of Shop 'n Save's negligence. *Id.*

■ The instant case is distinguishable. Unlike *Paull,* the damage did not occur on Defendant's lot. Given the propensity of unattended carts to cause damage, Defendant's failure to keep the carts on its own lot is in and of itself a negligent omission. It is certainly foreseeable that carts permitted to stray from Defendant's lot will cause damage to others' property. Further, Plaintiffs presented evidence that carts routinely were allowed to remain haphazardly on Defendant's lot and had repeatedly strayed onto the adjacent lot so that Defendant knew or should have known of the hazard presented. Additionally, there was evidence presented of

a foreseeable natural force, namely wind, which could have caused the collision.

 A plaintiff makes a submissible case on causation if he presents substantial evidence that his injury is a "natural and probable consequence" of defendant's negligence. *Parris v. Uni Med, Inc.*, 861 S.W.2d 694, 697 (Mo.App.1993). If the logical conclusion from the evidence is that if certain things had been properly done certain results would not have occurred, and such results did occur, the evidence of causation is sufficient. *Id.* From the evidence before it, the trial court could reasonably conclude that had Defendant taken appropriate steps to keep its carts from straying off of its lot, Plaintiffs' cars would not have been damaged. On the record before us, we cannot say that Plaintiffs failed to make a submissible case. Point denied.

Defendant next contends that the admission of Exhibits # 2 and # 13 was prejudicial error requiring reversal. Both of these exhibits are letters from Defendant's insurance carrier to Plaintiff, James Caito, in which coverage is denied. Defendant contends on appeal that these letters were inadmissible as: (1) they refer to insurance, and (2) they are hearsay.

 In a court-tried case, prejudicial or reversible error in the admission or rejection of evidence is not an issue on appeal. *City of Town & Country v. St. Louis County*, 657 S.W.2d 598, 608 (Mo. banc 1983). The issue is whether the evidence should have been admitted and considered, or rejected and not considered, and when that issue is determined, the next issue is what the judgment of the court should be, based on a consideration of the competent and admissible evidence. *Unlimited Equip. Lines v. Graphic Arts*, 889 S.W.2d 926, 937 (Mo.App.1994), quoting *Thau-Nolde, Inc. v. Krause Dental Supply & Gold Co., Inc.*, 518 S.W.2d 5, 9 (Mo.1974). A review of the documents at issue establishes that they are irrelevant to the propriety of the judgment. There is no indication that they played any significant role in the judgment. Even excluding the documents entirely, there was substantial evidence to support every element of Plaintiffs' case. Point denied.

For the foregoing reasons the judgment of the trial court is affirmed.

CRANDALL and DOWD, JJ., concur.