

# In the Missouri Court of Appeals
# Eastern District

## DIVISION III

| | | |
|---|---|---|
| LARRY DECLUE, | ) | No. ED101450 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | |
| | ) | Honorable Frederick L. Westhoff |
| TARA M. MCCANN D/B/A DISASTER | ) | |
| RECOVERY SPECIALISTS, LLC, and | ) | |
| WILLIAM HORN, | ) | |
| | ) | |
| Respondents. | ) | FILED:  February 10, 2015 |

### Introduction

Appellant Larry DeClue ("DeClue") appeals from the judgment of the trial court following a bench trial.  DeClue sued Respondent Tara McCann ("McCann") and Respondent William Horn ("Horn") for breach of contract in the Small Claims Division of the Circuit Court of  St. Charles County ("Small Claims court"), receiving a default judgment in his favor against McCann in the amount of $4,006.75 and a judgment of $500.00 against Horn.  McCann applied for a trial *de novo*, which was certified to the Circuit Court of St. Charles County ("the trial court").  After a bench trial, the trial court entered a judgment awarding DeClue damages in the amount of $1,000 from McCann and in the amount of $350 from Horn.  DeClue argues on

appeal that the trial court erred in entering a judgment different than the judgment entered by the Small Claims court, that the trial court violated the Code of Judicial Conduct, and that the trial court erred in entering a judgment with respect to Horn because he appealed only the Small Claims court judgment against McCann. This appeal is without merit as DeClue fails to understand the nature of a *de novo* review, and substantially fails to meet his burden with regard to the evidentiary matters raised. Accordingly, we find no error and affirm the judgment of the trial court.[1]

## Factual and Procedural History

The dispute in this case arises from a contractual agreement for the reconstruction of Horn's house, which was severely damaged by fire. McCann and her company, Disaster Recovery Specialists, LLC, were retained by Horn to coordinate the reconstruction of Horn's house, and oversee the efforts of the insurance company and the various subcontractors. McCann entered into an agreement ("the Contract") with DeClue in which DeClue agreed to provide plumbing services for the reconstruction project on Horn's house for a price of $12,150. DeClue received a payment of $3,000 from McCann at the outset of the project. After DeClue began working on the plumbing project, McCann was notified by Horn's insurance company that it would not provide any further funding for the reconstruction project. McCann immediately notified DeClue of this development and told him to cease working on the project. DeClue agreed to reach a stopping point in his work. DeClue continued to work on the project for one

---

[1] McCann filed a motion taken with the case to dismiss DeClue's appeal for failure to comply with Rule 84.04. Although DeClue's brief is deficient in many respects, we nevertheless understand the essence of his argument and will review DeClue's appeal *ex gratia*. It should be noted, however, that DeClue's brief is deficient with respect to Rule 84.04 in that it contains ongoing factual recitation within the argument portion of the brief, fails to include specific citations to the legal file, and includes various other oddities, including, among others, a list of several different "Standards of Review" and what appears to be an appendix within the statement of facts section. Despite these deficiencies, the motion to dismiss is denied.

more day, filling in the basement with concrete, referred to as "roughing in," to prevent the basement from being a safety hazard.

On October 29, 2013, DeClue filed suit against McCann and Horn in Small Claims court seeking $4,578.23 in damages for breach of contract. The Small Claims court entered a default judgment in the amount of $4,006.75 against McCann on January 30, 2014 and a judgment of $500 against Horn on February 5, 2014. McCann timely filed a petition for trial *de novo* with the Circuit Court on February 10, 2014. The case was certified and taken up by the trial court. On April 22, 2014, Horn was joined as a third party defendant.

The trial court held a bench trial on May 6, 2014. McCann, Horn, and DeClue all testified at trial. DeClue testified that in his opinion, he performed $6,450 worth of the work specified in the Contract. DeClue also testified that he performed additional work of "roughing in" the basement for $500 pursuant to an oral agreement with Horn. None of the parties disputed that DeClue fully completed the additional "roughing in" work. Horn and McCann testified that DeClue was paid $3,000 for the work he had completed. The trial court also heard testimony from Rob Phillips ("Phillips"), a certified master plumber in St. Charles County. Phillips testified that he had observed Horn's house and the plumbing work performed at the house by DeClue. Phillips testified that DeClue had completed approximately one-quarter of the work required under the Contract. Phillips also testified that some of DeClue's work did not comply with local building and plumbing codes and would not pass inspection. Phillips estimated that it would cost approximately $1,600 to $1,800 to fix the deficiencies and bring DeClue's work into code compliance. Finally, Phillips testified that the regular and customary fee the average plumber would charge for the work DeClue completed was $3,200.

3

At the close of the trial, the trial court found that a valid contract existed for $12,150, and that only two issues remained for its determination: first, how much of the Contract was performed, and second, if the Contract was performed in an unsatisfactory manner, what credit, if any, McCann and Horn should receive. The trial court entered its judgment on May 6, 2014, finding that DeClue was entitled to $1,000 from McCann and $350 from Horn. Court costs were divided evenly among the three parties. This appeal follows.

## Points on Appeal

DeClue presents five points on appeal. In Point One, DeClue asserts that the trial court erred and exceeded its authority when it entered a judgment in favor of DeClue for damages in an amount less than the judgment entered by the Small Claims court. In Points Two, Three, and Four, DeClue contends that the trial court violated the Code of Judicial Conduct because it misapplied certain facts and evidence at trial in entering its judgment. In Point Five, DeClue maintains that the trial court erred in entering a judgment with respect to Horn because he appealed the Small Claims court judgment and sought a trial *de novo* only against McCann.

## Standard of Review

In a judge-tried case, we will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). We defer to the trial court's determinations of credibility and view the evidence and the inferences drawn therefrom in the light most favorable to the judgment. Vinson v. Adams, 192 S.W.3d 492, 494 (Mo. App. E.D. 2006).

4

<u>Discussion</u>

Although DeClue presents five points on appeal, we discern three discrete legal arguments contained within those points. We will consider each of these three arguments in turn.

**I.      The trial court did not err or exceed its authority in entering a judgment different than the judgment entered by the Small Claims court.**

In Point One, DeClue argues that the trial court had no authority to enter a judgment different than the judgment entered by the Small Claims court. DeClue challenges the authority of the trial court to enter a judgment that awards a lower amount of damages than the amount awarded by the Small Claims court. This argument fails to grasp the nature of a trial *de novo*.

Any party aggrieved by a final judgment rendered by a small claims court may appeal that judgment and receive a trial *de novo*. RSMo. Section 482.365.2. In this case, McCann, the aggrieved party, requested and was granted a trial *de novo* by the trial court. The term "trial *de novo*" means "[a] new trial on the entire case – that is, on both questions of fact and issues of law – conducted as if there had been no trial in the first instance." <u>KNT Mgmt., LLC v. Flenoid</u>, 419 S.W.3d 897, 901 (Mo. App. E.D. 2014). The trial court here, in conducting a trial *de novo*, conducted a new trial as to all issues, as if the Small Claims court judgment had never occurred. Consequently, DeClue's argument that the judgment of the Small Claims court should have any bearing whatsoever on the judgment of the trial court following a trial *de novo* is completely without merit and contrary to well-established legal principles. Point One is denied.

**II.      The trial court did not violate the Code of Judicial Conduct.**

In Points Two, Three, and Four, DeClue argues that the trial court violated the Code of Judicial Conduct by misapplying various facts and evidence in entering its judgment. DeClue makes disjointed reference to several alleged errors in the trial court's application of facts and

5

evidence throughout his brief. We will not attempt to parse through the myriad of allegations, as DeClue's claim is completely devoid of legal merit and disregards the level of discretion afforded the trial court as fact-finder as well as this Court's standard of review on appeal.

The trial court, as the finder of fact, is free to disregard and weigh facts, evidence, and witness testimony. White v. Dir. of Revenue, 321 S.W.3d 298, 308 (Mo. banc 2010). On appeal, this Court will defer to the trial court's determination of credibility. Id. Our role is not to re-evaluate testimony through our own perspective; instead, we are confined to determining whether substantial evidence exists to support the trial court's judgment, whether the judgment is against the weight of the evidence, or whether the trial court erroneously declared or misapplied the law. Id. at 309. A primary reason for this standard of review is that the trial court "is in a better position not only to judge the credibility of witnesses and the persons directly, but also their sincerity and character and other trial intangibles which may not be completely revealed by the record." Id. at 308-09. Accordingly, our standard of review combined with our deference to the trial court's discretion sets a high bar for reversal, for which the burden is on the appellant. DeClue has failed to advance any factual or legal allegations that come close to meeting this burden. Instead, it appears that DeClue simply disagrees with the decision reached by the trial court. Points Two, Three, and Four are denied.

### III. The trial court did not err in entering a judgment with respect to Respondent Horn, who was properly joined as a party to the action.

In Point Five, DeClue argues that the trial court erred in entering a judgment with respect to damages owed to DeClue by Horn, because DeClue appealed and sought a trial *de novo* on only the Small Claims court judgment against McCann , and not on the judgment against Horn. This claim is similarly without merit. DeClue ignores the fact that Horn was properly joined as a third-party defendant to this action on April 22, 2014. McCann proceeded to trial without

6

objection to Horn being added as a party. There is no dispute that Horn was properly joined as a necessary and indispensable party to the action, and DeClue presents no facts or allegations to the contrary. Point Five is completely without merit and is denied.

Conclusion

The judgment of the trial court is affirmed.

_____
Kurt S. Odenwald, Presiding Judge

Robert G. Dowd, Jr., J., Concurs
Gary M. Gaertner, Jr., J., Concurs