

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| DAVID L. JONES, | ) | No. ED110507 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Krista Peyton |
| IMPACT AGAPE MINISTRIES, ET AL., | ) | |
| | ) | |
| Respondents. | ) | Filed: June 6, 2023 |

## I.    Introduction

Mr. David Lee Jones ("Mr. Jones"), a professional musician, appeals the small claims court's judgment finding in favor of Impact Agape Ministries, a church in St. Louis County, the church's pastor, C. Kenneth Haynes, and the church's assistant pastor, Hosea Jackson II (collectively, "Respondents"), on Mr. Jones's claim for breach of contract following a trial *de novo*.

## II.    Facts and Procedural Background

In January 2020, Mr. Jones agreed to provide music services at two separate church services at Impact Agape Ministries.  Mr. Jones provided music for the two services, but was not paid for his services.  The dispute is whether Mr. Jones was to be paid for these services.

Mr. Jones filed a small-claims actions against Respondents, claiming they owed him $200 for musical services he provided for the church in January of 2020.  The small claims court set the

matter for hearing. On the day of the hearing, the small claims court dismissed Mr. Jones's action, without prejudice, for failure to prosecute because Mr. Jones did not appear at the hearing. Mr. Jones timely filed an application for trial *de novo*. The small claims court suspended the dismissal order, proceeded to trial, and entered judgment for Respondents.

### III. Standard of Review

Our standard of review for claims originating in small claims court is the same as in other court-tried cases. *Paull v. Shop 'N Save Warehouse Foods, Inc.*, 890 S.W.2d 401, 403 (Mo. App. E.D. 1995). We will affirm the small claims court's judgment "unless it misapplies or erroneously declares the law, or there is no substantial evidence to support the judgment, or the judgment is against the weight of the evidence." *Jones v. Impact Agape Ministries*, 633 S.W.3d 909, 910 (Mo. App. E.D. 2021) (citing *Murphy v. Carron*, 530 S.W.2d 30, 32 (Mo. banc 1975)) [hereinafter *Jones I*]. "We accept 'all evidence and inferences therefrom in the light most favorable to the prevailing party and disregarding all contrary evidence.'" *Jones v. Leath & Sons, Inc.*, 653 S.W.3d 629, 634 (Mo. App. W.D. 2022) (quoting *Glasgow Sch. Dist. v. Howard Cnty. Coroner*, 633 S.W.3d 822, 828 (Mo. App. W.D. 2021)). "We defer 'to the [small claims] court on factual issues because it is in a better position not only to judge the credibility of witnesses and the persons directly, but also their sincerity and character and other trial intangibles which may not be completely revealed by the record.'" *Id.* (quoting *Glasgow Sch. Dist.*, 633 S.W.3d at 828-29). We will affirm the small claims court's judgment if it is correct under any reasonable theory. *Paull*, 890 S.W.2d at 403.

### IV. Discussion

Although our preference is to decide cases on their merits, deficient briefs hinder our ability to review the merits of the issues raised. *Bush v. City of Cottleville*, 411 S.W.3d 860, 864 (Mo. App. E.D. 2013). Rule 84.04 sets forth the required contents and structure of briefs filed in

2

Missouri appellate courts. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022); Rule 84.04.[1] A brief's failure to substantially comply with the requirements of Rule 84.04 provides a sufficient basis to dismiss the appeal. *Bush*, 411 S.W.3d at 864.

"Rule 84.04 is not merely designed to enforce hyper-technical procedures or to burden the parties on appeal." *Hutcheson v. Dep't. of Soc. Servs., Fam. Support Div.*, 656 S.W.3d 37, 40 (Mo. App. E.D. 2022) (quoting *T.G. v. D.W.H.*, 648 S.W.3d 42, 46 (Mo. App. E.D. 2022)) (internal quotation omitted). "Rather, the sound policy and purpose behind the rules is to 'ensure that the parties and the court are informed of the precise matters in contention and the appropriate scope of review ... which allows this Court to conduct a meaningful review of the issues and ensures the proper functioning of the adversary nature of our judicial system.'" *Id.* (quoting *Young v. Mo. Dep't of Soc. Servs.*, 647 S.W.3d 73, 75 (Mo. App. E.D. 2022)). "Compliance with Rule 84.04 is essential to ensure that this Court retains its role as a neutral arbiter and avoids becoming an advocate for any party." *Id.* (quoting *Young*, 647 S.W.3d at 75) (internal citations omitted); *see also Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978).

Although we sympathize with self-represented litigants and recognize the challenges they face when representing themselves, self-represented litigants are "subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs." *Hutcheson*, 656 S.W.3d at 40 (quoting *Indelicato v. McBride & Son Mgmt. Co., LLC*, 646 S.W.3d 305, 307 (Mo. App. E.D. 2022)) (internal quotation marks omitted). "Our application of the rules stems not from lack of sympathy, but instead from a necessity for judicial impartiality, judicial economy, and fairness to all parties." *Id.* at 41 (quoting *Freeland v. Div. of Emp. Sec.*, 647 S.W.3d 22, 26 (Mo. App. W.D. 2022)) (internal quotation marks omitted).

---

[1] All rule references are to the Missouri Supreme Court Rules (2020), unless otherwise stated.

Although our preference is to decide cases on their merits where the argument is readily understandable, "[d]eficient briefing runs the risk of forcing this Court to assume the role of advocate by requiring us to sift through the legal record, reconstruct the statement of facts, and craft a legal argument on the appellant's behalf." *Id.* (quoting *Freeland*, 647 S.W.3d at 26) (internal quotation marks omitted). This is our predicament here.

Mr. Jones filed his original brief on December 22, 2022. This Court provided notice that his brief failed to comply with Rules 84.04 and 84.06 and listed the specific violations. Although Mr. Jones amended his brief in an attempt to comply with the rules, the amended brief remains deficient.[2] We only address the major issues that preclude us from reviewing the merits of this case.

## A. *Rule 84.04(d): Points Relied On*

Rule 84.04(d)(1) requires the points relied on to: "(A) Identify the trial court ruling or action that the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." This Rule also states that points relied on must substantially emulate the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]." Compliance with this rule is vitally important as points relied on are essential to an appellant's brief and are intended "to give notice to the opposing party of the precise matters which must be contended with

---

[2] We also note that this is the second appeal taken in this case. *See Jones I*, 633 S.W.3d at 909. The first opinion, handed down on October 19, 2021, reversed and remanded the small claims court's judgment in favor of Respondents because there was no record of the trial *de novo*. *Id.* at 911-12. In that opinion, we also advised Mr. Jones that his points on appeal, and arguments thereunder, failed to comply with Rule 84.04, and we further warned him that "[f]ailure to substantially comply with Rule 84.04 constitutes grounds for dismissal of an appeal" and that we may not advocate or fashion his arguments for him. *Id.* at 910 n.3. Despite those briefing violations, Mr. Jones's arguments in that appeal were clear. *Id.* Here, however, Mr. Jones's legal arguments are not.

4

and to inform the court of the issues presented for review." *Lexow*, 643 S.W.3d at 505 (quoting

*Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997)). "A deficient point relied on

requires the respondent and appellate court to search the remainder of the brief to discern the

appellant's assertion and, beyond causing a waste of resources, risks the appellant's argument

being understood or framed in an unintended manner." *Id.*

Mr. Jones's first point relied on states:

> The action of the trial court being challenged is that the court erred in having an unjust, incorrect decision in favor of the Respondents. The trial court should have determined the correct decision in favor of the Appellant based on Respondent C. Kenneth Haynes acknowledge and agreed to the truth and truthfulness that Respondent Hosea Jackson II deceived him about the oral contract with the Appellant. The legal reason is that the parties both agreed to prove three elements of quantum meruit. This legal reason supports the claim of judgment decision for justice, which is why the Court of Appeals should favor the Judgement [sic] decision in favor of the Appellant.

(internal citations omitted). First, this point does not substantially follow the format set out in Rule

84.04(d)(1). Second, this point does not identify the small claims court ruling or action that Mr.

Jones is challenging, stating only the "unjust, incorrect decision in favor of Respondents." Were

this Court to attempt to discern the specific decision that is being challenged, we presume Mr.

Jones is referring to the judgment as a whole. Third, this point does not concisely state the legal

reasons for Mr. Jones's claim of reversible error. Finally, this point does not explain why, in the

context of this case, those legal reasons support the claim of reversible error.

Mr. Jones's second point relied on states:

> The action of the trial court being challenged is that the court erred in having an unjust, incorrect decision in favor of the Respondents. Observing all things in the trial court. The trial court erred in favor decision exposes [sic] that the trial court disregarded, did not rely on, or depend on and acknowledge the Appellant proving all the elements of the legal doctrine of quantum meruit in Missouri[:] (1) The Appellant provided professional musical services benefit to the Respondents at their acquiescence or request[;] (2) The Respondents retained or accepted that benefit. The Appellant's Minister of Music musical services had a reasonable

> value[;] (3) The Appellant expected reasonable pay from the Respondents. They have failed and refuse to pay the reasonable value of the Minister of Music musical services despite the demand of the Appellant ultimately satisfying and proving all the elements in the legal doctrine of quantum meruit in Missouri and ultimately supporting the case. This "error of law" occurred by the trial court against the merits of the action, quantum meruit, and the Appellant. This legal reason supports the claim of judgment decision for Justice, which is why the Court of Appeals needs to favor the Judgement decision in favor of the Appellant.

(internal citations omitted). Again, this point does not substantially follow the format set out in Rule 84.04(d)(1). This point similarly does not identify the specific small claims court ruling or action that Mr. Jones is challenging. We again presume Mr. Jones is referring to the judgment in its entirety. This point also does not concisely state the legal reasons for Mr. Jones's claim of reversible error, nor does it explain why, in the context of this case, those legal reasons support the claim of reversible error.

As noted, the primary purpose of a point relied on is to give the court and respondents notice of the specific issues to be decided. *Lexow*, 643 S.W.3d at 505. However, "[a]n insufficient point relied on that cannot be understood without resorting to the record or argument portion of the brief preserves nothing for appellate review." *Michaud Mitigation, Inc. v. Beckett*, 635 S.W.3d 867, 870 (Mo. App. E.D. 2021) (quoting *Unifund CCR Partners v. Myers*, 563 S.W.3d 740, 742 (Mo. App. E.D. 2018)). While we remain unclear of the precise contentions of error in Mr. Jones's two points relied on, it is clear that neither point complies with Rule 84.04(d)(1), which alone is fatal to this appeal. *Lexow*, 643 S.W.3d at 505.

**B.** *Rule 84.04(e): Argument*

Rule 84.04(e) contains multiple requirements, including that each point relied on must "be restated at the beginning of the section of the argument discussing that point" and for each claim of error, appellants must provide a "concise statement describing whether the error was preserved for appellate review" and if so, how it was preserved, and the applicable standard of review.

6

Mr. Jones fails to restate his points relied on within the argument portion of his brief. Mr. Jones also fails to allege whether his claims are preserved for appellate review and fails to provide us with the applicable standard of review. Our review of cases originating in small claims court is limited to whether the judgment lacks substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Jones I*, 633 S.W.3d at 910. Mr. Jones does not clarify which of the four error standards apply, nor does he frame his argument to accommodate our standard of review. We cannot reach the merits of the appeal because Mr. Jones's brief would require us to abandon our duty of impartiality and step into the role of advocate to decipher what challenges he is bringing.

## C. *The Merits*

Inasmuch as we can interpret his brief, Mr. Jones appears to be attempting to bring either an "against-the-weight-of-the-evidence" argument or a "misapplied-the-law" argument in that Mr. Jones is arguing he presented sufficient evidence for his *quantum meruit* claim.[3] However, Mr. Jones does not provide us with the proper legal analysis for either of these distinct arguments. *See Ivie v. Smith*, 439 S.W.3d 189, 199 n.11 (Mo. banc 2014).

An "against-the-weight-of-the-evidence" argument requires an appellant to show "the [small claims] court could not have reasonably found, from the record at trial, the existence of a fact that is necessary to sustain the judgment." *Id.* at 206. Here, Mr. Jones summarily argues that the judgment was incorrect based on his testimony. Further, as far as we can decipher, this case boils down to credibility. The evidence presented at trial was almost entirely testimonial, and the judge's decision appears to be the result of whether the judge believed Mr. Jones or Mr. Haynes.

---

[3] We further acknowledge that Mr. Jones's brief appears more similar to an "against-the-weight-of-the-evidence" argument, but his statements at oral argument seemed to clarify that he was attempting to bring a "misapplication-of-the-law" argument.

While Mr. Jones testified that he was to be paid for the two performances, Mr. Haynes testified that the two performances were unpaid auditions, which the court evidently believed. On appeal, we defer to the small claims court's determination of credibility. *DeClue v. McCann*, 463 S.W.3d 792, 795-96 (Mo. App. E.D. 2015). "The [small claims] court, as the finder of fact, is free to disregard and weigh facts, evidence, and witness testimony." *Id.* at 796 (citing *White v. Dir. of Revenue*, 321 S.W.3d 298, 308 (Mo. banc 2010)). Under our standard of review, we may not re-evaluate testimony through our own perspective. *Id.* "When the evidence poses two reasonable but different conclusions, appellate courts must defer to the [small claims] court's assessment of that evidence." *Ivie*, 439 S.W.3d at 206 (citing *J.A.R. v. D.G.R.*, 426 S.W.3d 624, 626, 632 n.14 (Mo. banc 2014)). Our deference pertains to facts expressly found in a written judgment and facts necessarily deemed found in accordance with the judgment. *Id.*

## V. Conclusion

For the reasons stated above, Mr. Jones's failure to substantially comply with Rule 84.04 preserves nothing for our review and his brief ignores our standard of review. Accordingly, the appeal is dismissed.

_____
Kelly C. Broniec, Presiding Judge

Philip M. Hess, J. and
James M. Dowd, J. concur.

8